Filed Dec. 30, 1884.

---

No. 11,008.

## VanGorder et al. *v.* Smith.

REPLEVIN.—*Parties.*—*Pleading.*—In replevin parties can not, with any propriety, be made defendants merely because they claim " some interest " in the property in controversy, but have none, and a general denial by such defendants makes no issue to try.

WILL.— *Personal Property. — Construction.— Precatory Words. — Trust and Trustee.*—A bequest of personal property to the testator's wife, with power to use and control it as long as she may live, and at her death to dispose of it by will or otherwise, " if she be then my widow," with precatory words of recommendation, suggestion or desire as to sales, investment of proceeds and use of income therefrom in the care and education of children, and in advancing portions to them, as their habits and conduct may, in her judgment, be deemed proper, is a bequest to her of the property absolutely, subject to no trust whatever.

From the Pulaski Circuit Court.

*W. Spangler* and *G. Burson*, for appellants.

*S. T. McConnell, R. Magee* and *D. B. McConnell*, for appellee.

MITCHELL, J.—For the purpose of introducing the ques-

VanGorder *et al. v.* Smith.

tion involved in this record in its general aspect, it is sufficient to state that William S. Huddleston, by his last will and testament, after making certain devises and bequests, not in any manner involved in this controversy, made the following provision for his widow, viz. : "I will and bequeath to my wife all and singular my other property, both real and personal, of every kind and description whatever, to be held, used and controlled by her as long as she may live, and to be disposed of by her by will or otherwise at her death, if she be then my widow, and I would recommend and suggest that she sell and dispose of the residue of my lands not herein specifically bequeathed, except the home property, that is, the house and lots whereon we now live, and I hereby authorize her to sign such deeds and conveyances, and to execute such releases as may be necessary to carry the provisions of this bequest into effect, and to convey good and perfect titles thereto, and that she make such sales as soon as convenient, and that she sell at public auction all the personal property on my farms except such as she shall elect to keep for her own use, and that she convert all the other of my property into cash as soon as it can be done without loss, except such as she may desire to retain for her own use, and that she invest the proceeds thereof, together with the proceeds arising from the sale of the lands, in United States Government bonds. * * * * * *

"It is my desire, also, that my wife, with the revenue she will derive from the rents and profits of my said estate, and the interest she will receive on the moneys invested in registered government bonds, will provide and keep a good and comfortable home for my two sons and herself, and that she will use every endeavor to give them a good education, and that she will make their diligence, industry, economy and duty to her her guide, as to when she will allow them to take charge of the estate herein bequeathed to them, and she may, from time to time, as she may deem proper and just, divide and apportion the property herein bequeathed to her, among

my children, after first becoming satisfied that such property, when so given to them, will not be uselessly squandered and wasted."

The testator died, leaving his widow Julia A. Huddleston, now Julia A. Smith, William S. Huddleston and Louis Huddleston, his two sons, and Eulalee VanGorder, his only heirs at law.

The will was duly admitted to probate, and one Joseph B. Agnew was duly appointed administrator of the estate. Following the recommendation and desire of the testator as expressed in his will, it appears from the record that the widow converted the personal property, or a portion of it, into money, and through the agency of a friend, with this money, purchased two United States Government bonds, of the denomination of $1,000 each, and also about $10,000 in value of the bonds of Pulaski county.

These securities were without her consent delivered by her agent to Mr. Agnew, the administrator, who, acting under the belief that he was entitled to hold them as part of the assets of the estate, refused to surrender them to the widow, who had then, by a subsequent marriage, become Julia A. Smith.

For the purpose of securing possession of these bonds, she instituted a suit in replevin against the administrator, her complaint being in the usual form, for the recovery of personal property wrongfully detained, except that these appellants were made parties without alleging that they, or either of them had or claimed the actual or constructive possession of the property described.

The only averment in the complaint relating to them, and the only issue tendered them was the following: "Plaintiff also avers that Eulalee VanGorder, who is a married woman, and George L. VanGorder, her husband, William Huddleston, who is a minor, and Louis Huddleston, who is likewise under twenty-one years of age, each claims some interest in the property described in the plaintiff's complaint, and hence are made parties to this action, that they may disclose such

interest if any they have. But the plaintiff avers the truth to be, that neither of the VanGorders, nor of the said Huddlestons, has any interest whatever in the said property."

Without raising any objection to this complaint, the appellants answered by a general denial. The administrator in like manner took issue by filing a separate answer in denial, and upon the issues thus made a trial was had by the court, which resulted in a finding and judgment for the appellee against all the defendants below, adjudging her the absolute owner and entitled to the possession of the property in question.

The appellants prosecute this appeal, and the only error insisted on in the argument is, that the court erred in overruling their motion for a new trial.

The administrator, apparently content with the result of the litigation below, made no motion for a new trial, and is not a party to this appeal.

The judgment of the circuit court might well be affirmed upon the ground that upon the issue tendered to the appellants in the complaint, and her denial contained in the answer, there was really nothing in controversy to try.

The averment in the complaint, that the appellants " claim some interest in the property described in the plaintiff's complaint," and the further statement that neither of them " had any interest whatever in said property," and the answer denying those averments, without more, presented, in our opinion, no issue for trial.

The court might well have treated the answer as a disclaimer of any interest in the subject-matter in controversy, and given judgment for the appellants for their costs. Indeed, it is not perceived how the appellants could, with any propriety, be made parties to the action, which was purely an action at law to recover personal property from Agnew, without averring that they had or claimed to have possession of the property in controversy.

Replevin is essentially a possessory action and does not lie against one who is not, either actually or constructively, in

possession of the property described in the complaint. Wells Replevin, section 134; *Baer* v. *Martin*, 2 Ind. 229.

No objection was made to the complaint, however, and under the answer already alluded to the case was tried, and judgment given against the appellants, as before stated.

Wells on Replevin, in section 634, says: "There appears to be no authority for allowing a stranger who claims an interest in the property to come in and be made a party, and have his rights litigated, though such course would not violate any principle of the law." Adopting this suggestion, where it is done by consent of the court and without objection from either party, as appears to have been done in the case exhibited in this record, we have concluded, after some hesitation, that the interests of all concerned would be better subserved by examining and deciding the principal question involved, which has •been elaborately argued by counsel on both sides in their briefs.

Under any view which can be taken of the case, the appellants are not now, as a matter of course, entitled to the possession of the property here in controversy. We do not understand this to be claimed by their counsel, but it is contended that the will creates a trust, of which they are the ultimate beneficiaries, and that inasmuch as the court below adjudged the appellee to be the owner of the property absolutely, its judgment should be reversed.

These bonds were purchased with moneys derived from the sale of personal property bequeathed to the appellee, under the clause of the will above recited. The quantity of her estate in this property, her right to its possession, as well as the interest, if any, of the appellants therein, depend solely upon the construction to be given to that clause of the will.

The question involved is not entirely free from difficulty, owing, chiefly, to the infinite number of cases—not altogether in harmony with each other—in which provisions in wills, somewhat analogous to each other, and bearing a close resemblance in many respects to the one under consideration,

and yet containing shades of difference, have been construed by the courts.

Nothing is more thoroughly settled than that in giving an interpretation to a will, the intention of the testator is to be discovered and given effect to, if possible; but this familiar rule is, nevertheless, subject to the qualification, that in order that effect may be given to the testator's intentions, when discovered, it must have been expressed in conformity to the rules for the regulation of the practical affairs of life, and to the laws by which rights of property are secured and established.

If, for example, it should appear from one aspect of the will under consideration, that it was the intention of the testator to vest in his widow an interest in the personal property bequeathed to her during her lifetime only; while, in another aspect of the same clause, the intention of the testator to give her full and complete dominion over the property, including the power to dispose of it, and appropriate the proceeds at her own pleasure, is as clearly indicated, then it is not perceived how these intentions can be consistent with each other. If they are inconsistent, when measured by the established rules of law, then one or the other must yield. Upon no principle of reason can the conclusion be reached that the testator intended that his widow should be the trustee of his personal estate during her lifetime, for the benefit of his children, while at the same time she should be vested with such an unqualified right in, and dominion over it, as in legal effect made her the absolute owner; and if by the language employed in the will, all the rights and incidents of ownership were without limitation or restriction communicated to her, then the law draws the conclusion that it was his intention to make her the owner. Authority to dispose of property at discretion, there being no bequest over, is taken as evidence of the extent of the interest intended to be given, and is construed to be an absolute interest, and not a mere power to sell. *Kendall* v. *Kendall*, 36 N. J. Eq. 91. Absolute power of disposition and absolute ownership are, and must be, in the nature

of things, inseparably connected, and he to whom is given the one thereby acquires the other, by irresistible implication, unless this implication is negatived by the terms of the gift.

We state it as our conclusion upon the authorities cited, that when a bequest of personal property is made for life, " with a full power of disposition, by will or otherwise, at the pleasure of the devisee, without limitation or restriction as to the time, mode or purposes of the execution of the power," the life-estate is controlled by the unlimited power of disposition, and an absolute estate in the property is thereby created in the legatees.   *Dodge* v. *Moore,* 100 Mass. 335; *Hale* v. *Marsh,* 100 Mass. 468; *Cummings* v. *Shaw,* 108 Mass. 159; *Ramsdell* v. *Ramsdell,* 21 Maine, 288; *Diehl's Appeal,* 36 Pa. St. 120; *Kinter* v. *Jenks,* 43 Pa. St. 445; *Dunlap* v. *Garlington,* 17 S. C. 567.

In a note appended to the case of *Irwin* v. *Farrer,* 19 Vesey, 86, which case holds the rule substantially as above stated, Mr. Sumner says :   " Where the first taker under a will has the power of spending the fund bequeathed in his lifetime, * * * there is, obviously, no ascertained part upon which a trust can attach, and the first taker has, virtually, the whole property in, and dominion over, the fund."

Without intending to announce a rule one way or the other in like cases involving real estate, we limit the statement of the conclusion reached to personal property, for the reason that personal property alone is involved in this case, and we have no purpose to state a conclusion more broadly than the case requires.

As applicable to real estate, the conclusions here stated might seem to conflict with *Dunning* v. *Vandusen,* 47 Ind. 423 (17 Am. R. 709), and *John* v. *Bradbury,* 97 Ind. 263. Of the case in 47 Ind., *supra,* it may be said that it was found necessary to limit it in some respects in *South* v. *South,* 91 Ind. 221 (46 Am. R. 591); *Clark* v. *Middlesworth,* 82 Ind. 240; *Downie* v. *Buennagel,* 94 Ind. 228.   And of the later case, it may be distinguished from the one under consideration

in two particulars: First, by the fact that the property involved was land; and, Second, by the further fact that there was, by the terms of the will, a remainder over of the property left undisposed of to the children of the testator.

Applying the principles above stated to the will in hand, what result follows? Leaving out of view what is said concerning the real estate, the will first bequeathes to the testator's wife all his personal property, " of every kind and description whatever, to be held, used and controlled by her as long as she may live, and to be disposed of by her, by will or otherwise, at her death, if she be then my widow."

All that need be said of the power of disposition of the wife being made contingent upon her remaining unmarried is, that it is void as being in restraint of marriage. R. S. 1881, section 2567; *Coon* v. *Bean,* 69 Ind. 474; *Stilwell* v. *Knapper,* 69 Ind. 558 (35 Am. R. 240); *Crawford* v. *Thompson,* 91 Ind. 266 (46 Am. R. 598). Eliminating this condition, we find that notwithstanding the limitation of her right in the property to a life-estate, there is here an unconditional power to dispose of the property " by will or otherwise," and unless the subsequent parts of the will restrain or control this unlimited power within the rule above stated, the conclusion must follow that the widow took an absolute title to the property.

Continuing, the will contains the following precatory words, which we apply to the personal property: "And I would recommend and suggest * * * * * that she sell at public auction all the personal property on my farms except such as she may elect to keep for her own use, * * * * and that she invest the proceeds thereof * * * in United States Government bonds. * * * * * It is my desire that my wife, with * * * the interest she shall receive on the moneys invested in registered government bonds, will provide and keep a good comfortable home for my two sons and herself, and that she will use every endeavor to give them a good education, * * * * and she may, from time to time,

*as she may deem proper and just,* divide and apportion the property herein bequeathed to her among my children, after first becoming satisfied that such property, when so given to them, will not be uselessly squandered and wasted."

These subsequent provisions of the will, expressed by way of " recommendation," " suggestion" and " desire," we construe as rather enlarging than restraining the power of disposition. While it was the manifestation of unbounded confidence in the prudence, discretion and maternal affection of his wife, it was in no sense the creation of a trust, nor a limitation upon her power to dispose of the property " by will or otherwise " at her pleasure. This confidence may or may not have been abused by the widow, but, having ascertained that it was reposed in her by the testator, the abuse of it affords no ground for the court to give a different construction to the will on that account.

While it is true that he expressed a *desire* that she should, out of the interest accruing from the government bonds, provide a comfortable home for herself and the two sons, and give them a good education, he also confided to her the discretion to divide and apportion to them, from time to time, as she might see fit, the property " herein bequeathed to her," enjoining upon her only to first become satisfied that their habits and disposition were such as to insure a provident use of it.

If this was a trust, it was one which can be enforced against her by a court of equity, but we can not conceive how a court could compel her to hold, for the benefit of the appellants, that which the will gave her the power to dispose of by will or otherwise as she pleased, and which she was recommended to withhold from them until in her judgment they would use discreetly.

Where a bequest is given, coupled with precatory words which leave the legatee free to act or not to act, such words are to be treated as an appeal to the conscience and affections of the legatee and nothing more.

The appellants' counsel press upon our consideration some decisions from other courts, which in many respects bear some analogy to this, in which a different conclusion was reached, but without taking the time to do so, a clear distinction might be shown between those cases and this one.

Without extending this opinion further, our conclusion is that by his will the absolute ownership of the personal property of William S. Huddleston was vested in the widow, and that the precatory words in the will were nothing more than recommendations that she should use and dispose of it discreetly, as her judgment might dictate, for her own and the benefit of the two sons, and did not create a trust.

The judgment is affirmed, with costs.

