No. 12,841.

## FULLENWIDER, ADMINISTRATOR, *v.* WATSON.

WILL.—*Personal Property.—Bequest Without Limitation.*—Where a bequest of personal property, without limitation to life or particular use, is made, and is accompanied by an absolute power of disposition, the first taker takes the whole interest.

SAME.—*Recommendations of Testator.— Construction.—Administrator.*—Under a provision in a will by which all the personal property of the testator is bequeathed to his widow " to have and enjoy the same as she may choose, and to dispose of the same in such manner as she may desire," followed by a request contained in such will that all of such property not disposed of at the time of her death be given to certain named grandchildren, the widow takes the whole interest in such property, and at her death it vests in her administrator as part of the assets of her estate.

From the Montgomery Circuit Court.

*A. D. Thomas*, for appellant.

*T. H. Ristine*, for appellee.

ELLIOTT, J.—The controversy in this case arises upon the provisions of a will reading thus:

"I give, devise and bequeath to my beloved wife, Ann E. Watson, all the real estate of which I may die seized, to have and to hold during her natural life. I also will and bequeath to my said wife all my personal property, including all notes and accounts which may be owing to me at the

time of my decease, to have, use and enjoy the same as she may choose, and to dispose of the same in such manner as she may desire; yet I request that if, at the time of her decease, any of the personal property shall remain undisposed of, it be given to the children of my son, William W. Watson, and the children of my daughter, Mary C. Garland."

The disputed question is as to the ownership of the personal property remaining undisposed of at the time of the death of the testator's widow. The appellant's position is, that the will vests the widow with the absolute ownership of the personal property, and that he, as her administrator, has a right to it.

The authorities so fortify this position as to make it impregnable. The bequest to the wife of the testator gives her the whole estate, and the superadded words conferring the absolute power of disposition strengthen the words employed in describing the estate bequeathed to her, although the descriptive words are in themselves quite strong enough to carry the whole personal estate.

The case is plainly different from the class of cases represented by *Goudie* v. *Johnston*, 109 Ind. 427, for here there is no limitation to life, nor is there any restriction upon the power of alienation. The case belongs to the class of which *Van Gorder* v. *Smith*, 99 Ind. 404, is a type. We are very far within the authorities when we affirm the proposition that, where a bequest of personal property, without limitation to life or particular use, is made, and is accompanied by an absolute power of disposition, the first taker takes the whole interest.

It has been for centuries the rule that, where the whole estate is absolutely devised, a repugnant condition must yield. *Allen* v. *Craft*, 109 Ind. 476. But here there is no condition, for the words employed are words of recommendation, not words of condition or restriction, and the case is within the rule declared by the adjudged cases. *Van Gorder*

v. *Smith, supra*, and cases cited; *Stowell* v. *Stowell*, 8 Atl. Rep. 738; *Howard* v. *Carusi*, 109 U. S. 725; *Knight* v. *Knight*, 3 Beavan, 148; 2 Story Eq. Jur., section 1070.

English chancellors in later times have with reluctance followed the early decisions upon the subject of precatory trusts, and have not hesitated to depart from them where departure was possible without a direct disregard of the ancient decisions. In one case the vice-chancellor said: "The first case that construed words of recommendation into a command, made a will for the testator; for every one knows the distinction between them." *Sale* v. *Moore*, 1 Sim. 534. In another case it was said by Lord ELDON that "This sort of trust is generally a surprise on the intention, but it is too late to correct that." *Wright* v. *Atkyns*, 1 V. & B. 313. The American courts, with very few exceptions, have either rejected the ancient rule or greatly modified it.

The reason for the rule to which we give our sanction is thus clearly stated in *Watkins* v. *Williams*, 49 Engl. Ch. Rep. 622 (628): "Now, it is a rule that, where a money fund is given to a person absolutely, a condition can not be annexed to the gift, that so much as he shall not dispose of shall go over to another person. Apart from any supposed incongruity, a notion which savors of metaphysical refinement rather than of anything substantial, one reason which may be assigned in support of the expediency of this rule is, that in many cases it might be very difficult, and even impossible, to ascertain whether any part of the fund remained undisposed of or not; since, if the person to whom the absolute interest is given left any personalty, it might be wholly uncertain whether it were a part of the precise fund, which was the subject of the condition, or not. Another reason may be, that it would be contrary to the well-being of the party absolutely entitled to lead him profusely to spend all that was given him, which in many cases might be all he had in the world; for although, indeed, he might provide against leaving himself destitute by buying an annuity, yet even if he

Fullenwider, Administrator, *v.* Watson.

did this it might be at the expense of those for whom he might be under a moral obligation to make some provision."

It is true that what was said by the court is addressed directly to bequests of money, but the reasoning is applicable to bequests of personal property generally. An additional reason may be suggested in support of the rule, and that is,. if the person vested with the entire interest felt that what. was not disposed of must go in a given direction, he might be influenced to convert the property and dispose of the avails lavishly, thus not only endangering his own well-being, but also. defeating the method of distribution directed by the law.. Still another reason, which is, at least, not entirely without force, may be adduced, and that is this: The whole interest having been given to the first taker, without other limitation than that expressed in mere precatory words, his administrator should take what remains undisposed of to be used in paying debts, expenses of sickness and burial expenses, leaving what ultimately remains to be distributed according to law. *Ross* v. *Ross*, 1 J. & W. 154.

If the conclusion implied in our statement be not correct,. then we might have the strange inconsistency of the personal property of an absolute owner withheld from his creditors. and from his administrator, leaving nothing with which to pay debts or defray mortuary expenses. It seems so unnatural and illogical to conclude that an intestate up to the time of his death may be an absolute owner of the whole interest in personalty, and yet that interest not pass to his administrator, that it is difficult, if not impossible, to conceive any valid reason upon which the conclusion can be sustained. Quite clearly it is not a conclusion which commends itself to the thinker.

Judgment reversed, with instructions to re-state the conclusions of law and enter judgment for the appellant on the. special finding.

Filed Dec. 23, 1887.