The chief contention between the parties arises upon the construction of the will -of William Casey, and, as a sequence, the construction, or, rather, the legal effect of the will of Nancy Casey,
William Casey died on or about the 23rd day of April, 1893. His will bears date April 21st, 1893. It was probated on or about the 27th day of April, 1893, but no letters were then issued. Afterwards, Robert Graham was appointed administrator of .the will annexed. I have not found the date of his appointment, and it is not material.
Nancy Casey died about four weeks after her husband. William Casey. Her will is not dated, but was executed, *190 as stated at the argument, about five years before her death.
In his will, William Casey gave and devised to his wife, Nancy:
“All my property, both real and personal, to have and to hold during her natural life, and to dispose of it as she sees fit, except the farm in Wolf Creek, now occupied by Casey Purdy, which I now give and devise to Casey Purdy, after my wife’s death to be his adsolutely, providing he keeps her in coal and wood, and attends to her wants while living. I also exempt the forty acres of land on the ridge adjoined to Jud. Brinks on the east, and Eliza on the west, which I do hereby give and devise to Emily Shilts, and to be hers absolutely to dispose of as she sees fit. I do hereby revoke all former wills.”
This is the whole will, except the formal opening and closing paragraph.
Nancy Casey, by her will, said:
“I give and devise unto my brother and sisters, and their heirs, all my property, both real and personal, moneys and effects, except Fanny Leatherow’s children; they are to have nothing; the same to be divided equally between said brother and sisters or their heirs, as above stated, excepting Peter Lepley and Nancy Smith. I give them one hundred dollars apiece more than the rest of the heirs.
“I give and devise unto my brother and sisers all my household goods, wearing apparel etc., as above, stated, excepting Fanny Leatherow’s children are to get nothing whatever.
“I want my beloved husband, William Casey, to retain possession of all the above described property, moneys and effects during his natural lifetime, unless he sees fit to divide the above described property as above stated.”
This is a copy of the whole will, except the formal opening, the clause nominating Peter Lepley as administrator of the will, with authority to compromise, reject, release and discharge the claims and debts due her; the clause directing no appraisement or sale of her personal property; the clause revoking all former wills, and the formal closing and execution.
*191 Within two or three days after her death, her will was probated, and letters testamentary were issued to Peter Lepley.
I shall confine what I have first to say to the action No. 2166, in the court of common pleas and No. 121 in this court, which is the action brought by Peter Lepley, as Executor of the will of Nancy Casey et al., against Nancy Smith and others, which seeks the construction of both wills, and asks the direction of the court as to the administration of the two estates.
The first question is: What is the legal effect of the words of the will of William Casey, where he says: “I give and devise to my beloved wife, Nancy Casey, all my property, both real and personal, to have and to hold during her natural life and to dispose of as she sees fit?”
Do these words, construed with the other provisions of the will, without reference to any execution of the power conferred by the words, ‘‘and to dispose of as she sees fit,” pass to her a fee or an unlimited ownership or estate in all his property, real and personal?
We have all appreciated the nicety and difficulty of determining this question, and have diligently examined all the authorities cited. We recognize the duty of the court to endeavor to árrive at the intention of the testator, if possible, and to keep that purpose in view as the basic and safest guide to the construction.
We have no direct authorities or cases in Ohio to assist us, and have not received much light from the conflicting conclusions in other states.
I announce the conclusion of the majority of the court to be that those words as they appear in the will, and from.the language of the whole will, and without any reference to an execution of the power, do confer upon Nancy Oasey the whole estate of William Casey in the property mentioned, except as to the two tracts of land mentioned,in one of which *192 she had a life-estate; that the words, “and to dispose of as she sees fit,” enlarge the life estate into a fee, or an absolute disposition of the estate. The whole court regard these words as an unlimited power of disposition. A majority of the court further hold that these words, being the last in that connection, control and enlarge the words, “during her natural life. ” They are impressed with the language of Judge Ranney in the case of Pruden v. Pruden, 14 Ohio St., 255, viz:
“An absolute and uncontrolled power of disposition at ■the mere will and for the purposes of the holder of property, is of the very essence of absolute ownership.”
The principal case relied upon by counsel for the estate of William Gasey, deceased, are: Brant v. Coal and Iron Co., 93 U. S., 927, and Wiley v. Gregory, Ind., found in vol. 38, No. 6, p. 121, Central Law Journal.
Other cases and authorities are, of course, cited and relied upon, but these two cases are the principal reliance.
Volumes 1 and 4, of Am. Lead. Cases on Real Property, have not been overlooked.
The Brant case decides that where a testator made a bequest to his wife of all his'estate, real and personal, to have and to hold during her life, and to do with as she sees proper before her deatlq the wife took an estate for life only in the property, with only such power as a life tenant can have, and that a conveyance of the real property so devised, conveyed no greater estate. A majority of the court do not follow this case. They are of opinion that the tendency of decisions in Ohio is that under such a power the devisee for life can convey or dispose of the fee, Davis v. Corwine, 25 Ohio St., 675; Johnson v. Johnson, 51 Ohio St., 446.
In fact that is the precise condition of the court in the case of Bishop v. Remple, 11 Ohio St., 277. The testator devised to his wife all his property, real and personal, * * * with full power to have and to hold, to sell and *193 convey the same during the term of her natural life. The wife sold and conveyed in fee a part of the real estate. It was held that the wife had power to sell and convey the fee,
This case has not been overruled, qualified or distinguished.
In the Brant case, nothing is said concerning the presumptions that a testator is not supposed to intend to die intestate as to any of his property, and that he will not be presumed to intend to leave any part of his estate undisposed of.
The majority of the court also rely upon such cases as Hale v. Marsh, 100 Mass., 468, and VanGolder v. Smith, 99 Ind., 404.
In the Indiana case the will contained a bequest of personal property to the wife, with power to use and control it as long as she might live, and, at her death, to dispose of it by will or otherwise. There was no devise or disposition over. It was held that this was a bequest to her of the property absolutely.
In the case of Wiley v. Gregory, cited from the Central Law Journal, relied upon by counsel for William Casey’s estate, it is said by the court:
“The case of Van Gorden v. Smith, supra, bears evidence of a much more laborious consideration than the case of Hole v. Marsh, and we think the conclusion therein reached was unquestionably correct. It is to be observed, however, that the will of William Huddleson, involved in that case, did not attempt to dispose of a remainder. That fact alone exerted great influence in inducing the conclusion reached in that case. In that respect the case differs from the one now under consideration. ”
So that the Indiana case, cited from the Central Law Journal, really approves the case in 99 Indiana.
The majority of the court also rely upon section 5970, Revised Statuts, and holds that it does not clearly appear *194 by the will of William Casey that he intended to convey an estate less than his whole estate.
The case of Johnson v. Johnson, 51 Ohio St., 446, is similar to the case cited from the Central Law Journal. In each case there was a devise or bequest over.
I do not go as far as the majority of the court. I am unable to satisfy myself that the words: “to have and to-hold for her natural life,' and to dispose of as she sees fit,” alone, without reference to the execution of the power, convey a fee or the whole property in the estate, real and personal.
In my judgment, the words “to have and to hold for her natural life,” are the effective and controlling words, and the words “and to dispose of as she sees fit,” confer only a privilege of disposition, which she may exercise, or not; and if not, the estate is for life, only.
Now comes the second question: Did Mrs. Casey exercise the power of disposition?
It is conceded on all sides that if she had exercised the power to dispose of the property covered by William Casey’s will, the effect would be the same as if the words, “for her naurallife” had been omitted. This is the law in Ohio as stated in Bishop v. Remple, 11 Ohio St., 277.
Did she, then, exercise the power by her will? A will often, and to some extent, always speaks from the death. The statute, section 5969, is claimed to be a sort of blanket which enlarges and covers all the property, if the language or manifest intention is not to the contrary. That section is:
. “Any estate, right or interest in lands or personal estate, or other property, acquired by the testator after the making of his will, shall pass thereby in like manner as if held or possessed at the time of making the will, if such clearly and manifestly appears by the will to have been the intention of the testator.”
■The question, then, is: does it clearly and manifestly *195 appear by her will that it was the intention of Mrs. Oasey that the property acquired under the will of her husband shall pass to the beneficiaries therein named ? She gives and devises, “all her property, .both real and personal, moneys and effects.”
It has been held in Massachusetts that after-acquired property passes unless a contrary intention shall appear by the will, and that the intensives clearly and manifestly cannot, under the statute,have any well defined or precise effect in the construction of the will. Cushing v. Aylwin, 12 Met., 169; Brennan v. Savier, 1 Cush., 118; Wart v. Belding, 21 Pk., 129.
In Cushing v. Aylwin the court say:
“We think it generally true that when a will purports to'dispose of the testator’s whole eatate or property, the intention is to dispose of all the estate or property of which the testator may be the owner at the time of his death, and that such an intention would be inferred unless something in the will would be opposed to such inference.”
In Pruden v. Pruden, 14 Ohio St., 255, it is said:
“It very seldom happens' that a man who goes to the trouble of making a will, intends to die intestate as to any of the property he may own at the time of his death.”
But it is claimed, that the will of Mrs. Casey is not, in any sense, a valid execution of the power, for the reason that to execute the power, there must be a direct reference to it, or a clear reference to the subject, or property, or unless the provision made by the person entrusted with the power would have nothing to operate upon unless the act were considered an execution of the power. This doctrine is expressed in different forms, but the above is the substance.
I can find but two cases in Ohio which directly touch upon this subject. One is the case in 11 Ohio St., just mentioned. The other is the case of Arthur v. Odd Fellows, *196 29 Ohio St., 557. In the latter case, the case in 11 Ohio St.,is not anywhere mentioned or alluded to, In the case in 11 Ohio St, a testator devised to his wife, “all his property, real and personal, as may remain after claims against the estate are satisfied,’with full power to have and to hold, to sell or convey the same during the term of her natural life” The wife sold, and by a deed in the usual form,conveyed in fee-simple certain of the real estate which passed under the will of the husband, describing the land, but making no reference to the will It was held that the wife had full power to convey in fee, and that the deed was a sufficient execution of the power
In that case there was a single instrument which conveyed part of the property devised by the will, and no other property of the wife
A majority of the court feel constrained to conclude, under the authority of the two cases in Ohio, that the will of Nancy Casey is not a valid execution of the power contained in the words, “and to dispose of as she sees fit”
The next question is: Did Nancy Casey die intestate as to the property devised or bequeathed under the will of William Casey?
A majority of the Court do not find anything in the will of Nancy Casey which clearly and manifestly indicates an intention to pass the property disposed of by the will of William Casey.
The majority of the court do not think that the words “all my property, both real and personal, moneys and effects,” make it clearly and manifestly to appear that it was her intention to dispose of the property acquired under his will. The circumstances are opposed to the view of such clear and manifest intention. The will was made five years before his or her death. It seems clear that she had in view her own property only. She reserves to her husband a life estate, or the use for life, of all her property Her expectation then was that he would outlive her.
*197 We do not think that the case of Pruden v. Piuden, 14 Ohio St., 251, is a clear decision to the effect that such language as is used in her will passes the after-acquired property.
The case in Massachusetts, cited, that after-acquired property passes unless a contrary intention appears, and that the words, “clearly and manifestly,” have no well defined or precise effect in the construction of wills, seem to a majority of the court to avoid the effect of words, which are plain and precise, and that to apply that doctrine in a case like these at bar would be to treat the statute as’if the words, “clearly and manifestly,” were omitted.
The conclusion of the majority of the court upon this subject is, therefore, that Mrs. Casey did die intestate as to the property owned and bequeathed to her by her husband, and that it is to be transmitted, under section 4162, Revised Statutes, viz,,-, one-half to her estate, and one-half to the brothers and sisters of William Casey.
A decree may therefore be taken accordingly. The costs to be paid, one-half from the estate of Nancy Cásey and one-half from the estate of William Casey.
We have not thought it necessary to specifically pass upon the other questions made in the argument.
The conclusion reached in the principal case disposes of case No, 2140 in the common pleas, No. 120 in this court. There may be a decree for partition among the heirs at law of Nancy Casey, of all her lands, in the proportion set forth in the petition; and for partition of the lands of William Casey, one-half to the brother and sisters of Nancy Casey, and one-half to the brothers and sisters of William Casey, as provided in section 4162, Revised Statutes. The costs in that case are to be paid in the same manner, We have named the same commissioners as in the court of common pleas',
Hon. W. Stillwell and Hon. JR. A. Harrison,on behalf of Peter Lepley, Executor of Nancy Casey, deceased.
Hon. JR. M. Voorhecs,S. H¡ Nicholas and B. S. Church, on behalf of Robert Graham, as Administrator of William Casey, deceased.
The case is remanded to the court of common pleas to carry the judgment of this court into execution.
In the case of Robert Graham, Administrator v: Peter Lepley, Executor, No, 2109 in the common pleas court, and No, 118 in this court, the appeal is dismissed at the costs of appellant.
We are of the opinion that the action is not appealable, and is remanded for execution for costs.
In the case of Peter Lepley, as Executor, etc. v. Robert Graham, Administrator, etc., No. 2109 in common pleas court, and No. 126 in this court, we reverse the judgment of the court of common pleas, but we further find that the executor of Nancy Casey is entitled to administer to personal estate of William Casey, deceased, but must pay one-half of the net proceeds of that personal estate to the administrator of William Casey, deceased. We adjudge the costs against the plaintiff in error, and remand the case.
In the case of Peter Lepley, as Executor, etc. v. Robert Graham, Administrator, e., No. 2220 in the court of common pleas, and No. 125 in this court, we affirm that judgment.
In the case of Peter Lepley, as Executor, etc, v. Enos Casey et al., No. 2126 in common pleas court, and No. 119 in this court, our judgment is the same as the judgment of the court of common pleas; that is to say': The supposed election of Nancy Casey to take under the will of William Casey, deceased, as entered of record in the probate court of Holmes county, is set aside, and judgment to be of no effect. The costs are adjudged against the estate of William Casey, deceased, and cause remanded.