Lumpkin v. Rodgers.

---

## LUMPKIN v. RODGERS ET AL.

[No. 18,814.   Filed October 3, 1900.]

WILLS.—*Precatory Clause.*—*Trusts.*—A testator by the first clause of his will gave to his wife an absolute title to all of his property. By the second and third clauses he expressed the desire that the business should be so conducted that all of their children, or their heirs, should finally share equally in the distribution of the property, and advised that his wife should, at some suitable time, call to her counsel two or three good discreet men to assist her in making a proper and equitable division of the real estate and other property

155 285
164 61
164 68
155 285
168 172
f168 173
155 285
f171 384

among all the children, retaining, however, if she chose to do so, the title and possession of said property to herself until after her death. In the fourth clause it was provided that nothing in the above should be construed to affect a perfect and indefeasible title in the wife " which this will conveys to her." *Held,* that the wife took a fee simple estate in the property devised.

From the Fountain Circuit Court. *Affirmed.*

*H. S. Clark* and *C. M. McCabe,* for appellant.
*L. Nebeker* and *D. W. Simms,* for appellees.

Monks, J.—The determination of this appeal depends upon the construction of that part of the will of John Adamson, deceased, which reads as follows:

(1) "I, John Adamson, of the county of Fountain, and State of Indiana, do make and publish this my last will and testament: I give and bequeath to my wife, Nancy Adamson, all my property, both real and personal, of which I am now possessed, requiring her to pay all my just debts and funeral expenses." (2) "It is my desire that the business be so conducted that all of our children, or their heirs, shall finally share equally in the distribution of our property." (3) "I would advise that the said Nancy Adamson shall at some suitable time call to her counsel two or three good discreet men to assist her in making a proper and equitable division of the real estate, as well as other property that she may think proper, among all the children aforesaid, retaining, however, if she choose so to do, the title and possession of said property to herself until after her death." (4) "Nothing in the above shall be construed to affect a perfect and indefeasible title to her, the said Nancy Adamson, which this will conveys to her, to all the said property, both real and personal, with the right to control, sell, and convey the same at her pleasure." The clauses in the will are not numbered, but for convenience and reference we number the same.

The controlling question in this case is as to the nature of the estate devised to Nancy Adamson. If the estate de-

vised is a fee, the judgment of the court below was right; if not, the judgment must be reversed.

It is a fundamental rule in the construction of wills that the intention of the testator, if not inconsistent with some established rule of law, must control. *Mulvane* v. *Rude,* 146 Ind. 476, and cases cited.

It is settled law in this State that a devise in fee, clearly and distinctly made, or necessarily implied, cannot be cut down or modified by subsequent provisions not clearly and distinctly manifesting the testator's intention to limit such devise. *Mulvane* v. *Rude,* 146 Ind. 476, 481, and cases cited; *Mitchell* v. *Mitchell,* 143 Ind. 113, 116; *Allen* v. *Craft,* 109 Ind. 476, 479, 480, and cases cited. The first clause in said will, standing alone, would without doubt give a fee simple absolute to the widow. §2737 Burns 1894, §2567 R. S. 1881 and Horner 1897; 4 Kent Com. (13th ed.) 535; *Mulvane* v. *Rude, supra,* 480, 481, and cases cited; *Rogers* v. *Winklespleck,* 143 Ind. 373, 374.

Does the language following that creating the fee have the effect to cut down the estate so given? Appellant contends that, under the will, the widow held the property in trust, to the end that their children or their heirs shall finally share equally in the distribution of the same. The rule in regard to precatory trusts, as stated in 27 Am. & Eng. Ency. of Law, 40, and approved in *Mitchell* v. *Mitchell,* 143 Ind. 113, is as follows: " 'In order that a trust may arise from the use of precatory words, the court must be satisfied from the words themselves, taken in connection with all the other terms of the disposition, that the testator's intention to create an expressed trust was as full, complete, settled and sure as though he had given the property to hold upon a trust declared in express terms in the ordinary manner.' * * * It is difficult, therefore, to formulate any general rule upon the subject. The intention of the testator is the main thing; but how is that to be determined. In the first place, the entire will should be considered in determining the inten-

tion, and the precatory words should not only be of such a character as to indicate that the testator intended a trust to be created, but they must also be consistent with the other provisions of the will—that is, they must not be repugnant to positive provisions by which the same property is devised or bequeathed absolutely or without limitation. Secondly, the words should be given their natural and ordinary meaning, unless there is something to show that they were intended to be taken in a different sense." See, also, *Rogers* v. *Winklespleck*, 143 Ind. 373; *Fullenwider* v. *Watson*, 113 Ind. 18, and cases cited.

The ordinary method of creating the trust estate, for which appellant contends, would have been an express provision vesting in the widow such title; but, instead of doing so, the testator, in the first clause, gave her an absolute title to said property, and in the fourth clause provided in express terms that nothing contained in clauses two and three "shall be construed to affect a perfect and indefeasible title to her, the said Nancy Adamson, which this will conveys to her, to all the said property, both real and personal, with the right to control, sell, and convey the same at her pleasure." The intention of the testator, as shown by the first clause, and clearly and unmistakably announced in the fourth clause, was to give the widow the absolute title to said property. The words "with the right to control, sell, and convey the same at her pleasure", contained in clause four, created no substantive right, for the reason that such right was an incident of the absolute title before devised, but the same give emphasis to the estate before given. *Chase* v. *Salisbury*, 73 Ind. 506, 509; *Fullenwider* v. *Watson, supra*. It is evident that the words used in said will do not indicate that the testator's intention to create "an expressed trust, was as full, complete, settled, and sure as though he had given the property to hold upon a trust declared in express terms, in the ordinary manner." We do not think that said clauses two and three

should be construed as imperative, but as advisory only. If they are construed as imperative, then they are not consistent with, but are clearly repugnant to, clauses one and four, and therefore violate that part of the rule above stated, which requires that "they must not be repugnant to other positive provisions by which the same property is devised or bequeathed absolutely or without limitation."

It was the intention of the testator, as clearly expressed in the first clause, and repeated with particularity in the fourth clause, that his widow was to have the absolute title to said property. The language used in said clauses, two and three, if construed to be imperative, imposed restraints upon the estate, which is a violation of a settled rule of law. *Rusk* v. *Zuck,* 147 Ind. 388, 393. *Fullenwider* v. *Watson,* 113 Ind. 18, 19; *Allen* v. *Craft,* 109 Ind. 476.

As was said in *Rusk* v. *Zuck,* 147 Ind. 388, 393: "The correct test of the effect of language apparently at variance with other parts of a devise is whether the intent of the testator was to give a smaller estate than the words making the gift, standing alone, without considering the limiting clause, import, or to impose restraints upon the estate given. The first is lawful and effective, for the reason that the testator's intention is the controlling consideration in the construction of the will. If the language, however, is used to impose a restraint on the estate granted, it is rarely, if ever, effective for the reason that even a clear intention cannot be permitted to overthrow the settled rules of law by depriving an estate of any of its essential legal incidents." *Mulvane* v. *Rude,* 146 Ind. 476. It follows that the widow, Nancy Adamson, took a fee simple estate in said real estate, and the judgment must be affirmed.

Judgment affirmed.