SIMS, ADMINISTRATOR v. RATCLIFF, ADMINISTRATOR.

[No. 9,136. Filed Nov. 4, 1915. Rehearing denied Feb. 4, 1916. Transfer denied June 2, 1916.]

1. WILLS.—*Construction.—Intention of Testator.*—In construing a will it is the duty of the court to ascertain the intent of the testator from all the language used, and to give effect to all its provisions so far as possible under the law applicable thereto. p. 187.

2. WILLS.—*Construction.—Estate Created.*—Where the first sentence of an item of a will used the following language: "I will and bequeath all my personal property to my beloved wife, * * *, of which I may die the owner, she to have the use and enjoy the same for her support and maintenance, and to sell and dispose of said property for that purpose," *held*, that the words so used are sufficient, if unmodified, to make the devisee the absolute owner of the personal property therein devised. p. 187.

3. WILLS.—*Construction.—Words and Phrases.—Intention of Testator.*—In the construction of a will, before the court can ascribe to a word a meaning different from its usual import, it must first appear that such meaning is evidenced by the connection in which the word is used and that it is consistent with, and tends to effectuate, the intention of the testator as gleaned from the whole instrument. p. 188.

4. WILLS.—*Construction.—Estate Created.—"Suggest".*—Where an item of a will devised all the decedent's personal property to his wife "to enjoy the same for her support * * * and to sell * ** * said property * * * for that purpose" and concluded with the words, "I suggest, however, that should any of my personal property remain intact or undisposed of at the time of her death that the same go " to others, *held*, that this item of the will bequeathed the testator's personal property to his widow, absolutely, and that the superadded words amount to nothing more than a recommendation which in no way changes or modifies the bequest. p. 191.

From Howard Circuit Court; *A. B. Kirkpatrick*, Special Judge.

Action by Abner H. Ratcliff, administrator of the estate of Gilbert Ratcliff, deceased, against George J. Sims, administrator of the estate of Clara F. E. Sims, deceased. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Bell, Kirkpatrick & Voorhis*, for appellant.

*James W. Cooper* and *Blacklidge, Wolf & Barnes*, for appellee.

FELT, J.—This suit was brought by appellee against appellant to recover certain personal property, the right to which is asserted under the provisions of the will of Gilbert Ratcliff, deceased, by both litigants. The complaint shows that Gilbert Ratcliff died testate in March, 1909, and that his will was duly probated. Item No. 1 of the will provides for the payment of his debts and funeral expenses and, by item No. 5 he named his wife, Clara F. E. Ratcliff, executrix of his will. The other items are as follows:

"Item 2. I give and devise to my beloved wife, Clara F. E. Ratcliff, all the real estate of which I may die the owner, she to have and hold the same for and during her natural life. * * * Item 3. I will and devise that, at the death of my beloved wife, Clara F. E. Ratcliff, that all of my said real estate be divided share and share alike between the nearest blood relation I may have living at that time and the nearest blood relation of my beloved wife at the time of her death; provided, that should my beloved wife remarry and bear a child or children, then in that case, it is my will that the said child or children of my said wife shall have and hold the fee of all my said real estate. Item 4. I will and bequeath all my personal property to my beloved wife, Clara F. E. Ratcliff, of which

I may die the owner, she to have the use and enjoy the same for her support and maintenance, and to sell and dispose of said property for that purpose. I suggest, however, that should any of said personal property remain intact or undisposed of at the time of her death that the same go, share and share alike, as provided for my real estate."

It is also averred that after the death of Gilbert Ratcliff his widow intermarried with George J. Sims; that no children were born to her; that thereafter she died leaving as her only heirs at law her husband George J. Sims and her father Robert O. Richards; that during her lifetime she had in her possession a large amount of personal property obtained from her former husband's estate, which property remained intact and undisposed of at the time of her death and is specifically described; that by the terms of the will of Gilbert Ratcliff, deceased, said property belongs to his estate and should be distributed according to the provisions of his will. Issues were formed on the complaint and the facts alleged are admitted except the claim to the personal property and the amount thereof in the possession of Mrs. Sims at the time of her death. The court found for the plaintiff and rendered judgment in substance that the administrator of the estate of Gilbert Ratcliff, deceased, recover of and from the estate of Clara F. E. Ratcliff, deceased, $1,284.42, and ordered the amount paid by her administrator, the appellant, who was also her surviving husband. Errors are assigned on the overruling of the demurrer to the complaint, in overruling the motion of appellant to modify the judgment, and in overruling the motion for a new trial.

The questions presented all depend upon the construction of item No. 4 of the will of Gilbert

Ratcliff, deceased. Appellee contends that Clara F. E. Ratcliff was only given the use of the personal property for her support and maintenance during her lifetime and that the portion not needed and used for such purpose, and remaining intact at the time of her death, was disposed of by the will of Gilbert Ratcliff, and should be distributed in accordance with the provisions of item No. 3 thereof.

Appellant asserts that the devisee, Mrs. Ratcliff, afterwards Mrs. Sims, became the absolute owner of the personal property devised to her by item No. 4 of her deceased husband's will, and that the same is lawfully in his possession.

In construing the will, we are to ascertain the intent of the testator from all the language used, and to give effect to all its provisions so far as possible under the law applicable thereto. The language of the first sentence of item No. 4 of the will is sufficient, if unmodified, to make the devisee the absolute owner of the personal property therein described. *Fullenwider* v. *Watson* (1887), 113 Ind. 18, 19, 14 N. E. 571; *Van Gorder* v. *Smith* (1885), 99 Ind. 404, 409, 410; *Mulvane* v. *Rude* (1896), 146 Ind. 476, 481, 484, 45 N. E. 659; *Snodgrass* v. *Brandenburg* (1905), 164 Ind. 59, 62, 71 N. E. 137, 72 N. E. 1030; *John* v. *Bradbury* (1884), 97 Ind. 263, 266.

Appellee contends that the last part of item No. 4,—"I suggest, however, that should any of said personal property remain intact or undisposed of at the time of her death that the same go, share and share alike, as provided for my real estate"—when considered in connection with the other parts of the will, and particularly with item No. 3, shows that the testator did not intend to bequeath the personal property absolutely to his wife and did not vest title in her to such part of his personal property as was

intact and in her possession at the time of her death. In effect it is contended that the will, properly construed, shows that the testator intended to bequeath the use and benefit of such personal property to his wife and that any part thereof remaining intact and undisposed of by her at the time of her death was by him devised the same as his real estate.

Courts have gone to great length in ascribing meaning to words and phrases used in wills in order to carry into effect the intention of the testator. But before any license is given to ascribe to a word a meaning different from its usual import, it must first appear that such meaning is evidenced by the connection in which the word is used and that it is consistent with and tends to effectuate the intention of the testator as gleaned from the whole instrument.

The word "suggest", as generally used and understood, is insufficient to change the character of the bequest made in the first part of item No. 4. Webster defines the word as meaning: "To introduce indirectly to the thought—to propose with diffidence or modesty." The Century dictionary defines it as follows: "To place before another's mind problematically; hint; intimate; to introduce to another's mind by the prompting of an indirect or mediate association."

In devising his real estate in items Nos. 2 and 3, the testator used apt language. The same is true of the language employed in the first part of item No. 4 in disposing of his personal property. If the testator desired only to make a recommendation to his wife as to how she should dispose of the personal property he had given her, in case any of it should remain in her possession at the time of her death, the word "suggest" was appropriate for that purpose and the will contains nothing inconsistent with such meaning.

In *Williams* v. *Committee, etc.* (1901), 92 Md. 497, 48 Atl. 930, 54 L. R. A. 427, the Supreme Court of Maryland considered a case in which a bequest was made to a church, to which language was added as follows: "And I suggest, if the spire of said church property be unfinished at the time of my death, that the funds received * * * be used for the purpose of completing the same; and further suggests, if the spire is finished, that the funds, or what may be left * * * be invested by the said committee and the income devoted to the work at the church mission known as 'William's Chapel', but if the work has been abandoned then said income to be used for the relief of the poor of said church." It was contended that the church did not take the property absolutely; that the committee had not used the fund as directed; that the trust was null and void and the property was held by the committee "for the benefit of those who are next of kin of the testator." The court held "that the legacy to the committee of the Baptist church is absolute, and not subject to any trust", and among other things said: "Can the word 'suggest,' when used in this connection, without qualifying or explanatory words, be regarded as a precatory word, sufficient to create a trust, as to property previously given absolutely? We have been cited to no case, and have found none, where it has been so held. A suggestion alone, without other words or circumstances to affect the ordinary meaning, is a mere placing before another a matter for consideration, and under ordinary circumstances in nowise carries with it an expression of desire, will or entreaty, and here it seems to amount to no more than this. The testator gives the whole interest in the fund absolutely to the church; he places no restrictions upon it as to its use, but he

does mention several matters for consideration. He 'suggests' that a proper disposition would be to finish the spire, or apply the income to the chapel, not as a requirement upon the committee, but as a matter for its consideration. So, also, in respect to the relief of the poor, there is no limitation imposed upon the committee, but a mere suggestion as to what would be a proper use of the fund. There is nothing in the word 'suggest' either in its meaning as ordinarily employed or as affected by the context of the will, that can be regarded as expressive of confidence, or belief, or desire, or hope, or will, or as the equivalent of a word of entreaty or recommendation."

In this case the devisee was given the personal property with power to sell and dispose of the same. The added power of disposition does not change the bequest and does not aid us in ascribing to the word "suggest" the meaning necessary to show that the property in question was not bequeathed to Mrs. Ratcliff, absolutely, but was devised by the testator to the parties to whom he gave his real estate, subject to the life estate therein of his widow. The sentence in which the word "suggest" is used recognizes title in the devisee and calls her attention to the fact that the testator favored such disposition of the personal property, if any, remaining at her death, as he had made of his real estate, but it does not destroy the devise to. his widow or show that the testator had himself undertaken to dispose of the property. As supporting this conclusion, we cite: *Fullenwider* v. *Watson, supra; Van Gorder* v. *Smith, supra; Snodgrass* v. *Brandenburg, supra,* p. 65; *Mulvane* v. *Rude, supra,* pp. 483, 485.

We therefore conclude that by item No. 4 of the testator's will he bequeathed his personal property

to his widow, absolutely, and that the super-added words amount to nothing more than a recom-

4. mendation which in no way changes or modifies the bequest.

The judgment is therefore reversed with instructions to sustain appellant's motion for a new trial and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 110 N. E. 122. See under (2), (4) 40 Cyc 1612; (3) 40 Cyc 1396. Clauses of doubtful meaning purporting to cut down clear demises or bequests, 3 Ann. Cas. 615; 10 Ann. Cas. 176; 11 Ann. Cas. 470.