ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

July 29, 2003

The Honorable Tim Curry
Tarrant County Criminal District Attorney
Justice Center
401 West Belknap
Fort Worth, Texas 76196-0201

Opinion No. GA-0089

Re:     Whether Occupations Code, section 1704.304, providing that certain persons may not recommend a bail bond surety, an attorney, or a law firm to a criminal defendant, precludes those persons from furnishing a list of attorneys or bail bond sureties   (RQ-0022-GA)

Dear Mr. Curry:

You ask us to interpret provisions that respectively prohibit (1) a bail bond surety from recommending an attorney or law firm to the surety's client, and (2) various public officers and employees from recommending a particular bail bond surety to another person.[1] *See* TEX. OCC. CODE ANN. § 1704.304(a)-(b) (Vernon 2003). You ask whether these statutes merely prohibit a single recommendation and allow a list containing multiple attorneys or bondsmen to be distributed, or whether they prohibit the affected persons from making *any* recommendations, including recommending several attorneys or bail bond sureties. *See* Request Letter, *supra* note 1, at 1.

A "bail bond surety" is a person who (1) "executes a bail bond as a surety or cosurety for another person," or (2) "for compensation deposits cash to ensure the appearance in court of a person accused of a crime." TEX. OCC. CODE ANN. § 1704.001(2) (Vernon 2003). Occupations Code, chapter 1704, enacted to implement the right of bail by just and practical procedures, authorizes each county to license and regulate bail bond sureties in the county. *See id.* ch. 1704; *Smith v. Tarrant County Bail Bond Bd.*, 997 S.W.2d 870, 871 (Tex. App.–Fort Worth 1999, pet. denied); *see also Robinson v. Hill*, 507 S.W.2d 521, 523 (Tex. 1974) (citing purpose clause in article 2372p-3, TEX. REV. CIV. STAT. ANN., predecessor of Occupations Code, chapter 1704). The statute creates a county bail bond board ("board") in every county with a population of 110,000 or more and authorizes the creation of a board in a county with a smaller population. *See* TEX. OCC. CODE ANN. §§ 1704.051-.052 (Vernon 2003); *see also id.* §§ 1704.101 (board's powers), 1704.102 (enforcement authority). In a county with a bail bond board, such as Tarrant County, no one may act as a bail bond surety without holding a license issued under chapter 1704. *See id.* § 1704.151; Tex. Att'y Gen. Op. No. GA-0058 (2003).

---

[1] Letter from Tim Curry, Criminal District Attorney, Tarrant County, Texas, to Honorable Greg Abbott, Texas Attorney General, at 1 (Feb. 28, 2003) (on file with Opinion Committee) [hereinafter Request Letter].

You inquire about section 1704.304(a) and (b). Subsection (a) provides that a bail bond surety or the surety's agent "may not recommend or suggest to a person for whom the bail bond surety executes a bond the employment of an attorney or law firm in connection with a criminal offense," while subsection (b) prohibits various public officers and employees from recommending "a particular bail bond surety to another person." *Id.* § 1704.304(a)-(b). The list of public officers and employees in subsection (b) includes a police officer, sheriff, constable, jailer, enforcement agency, a judge, and an employee of a court. *See id.* § 1704.304(b). Violation of section 1704.304(a) or (b) is a Class B misdemeanor. *See id.* § 1704.304(e).

You ask whether "these statutes prohibit only a single recommendation, while allowing a list containing multiple attorneys or bondsmen to be distributed, or do they prohibit any recommendations, no matter how numerous," of attorneys or bondsmen. Request Letter, *supra* note 1, at 1. Stating the question another way, you ask "if a bail bond surety provides a list of five attorneys for his client's consideration, has he avoided violating the prohibition by not recommending a single attorney, or has he committed a fivefold violation of the statute?" *Id.*

In construing section 1704.304(a) and (b), we attempt to give effect to the legislature's intent. *See* TEX. GOV'T CODE ANN. §§ 311.021, .023 (Vernon 1998); *Mitchell Energy Corp. v. Ashworth*, 943 S.W.2d 436, 438 (Tex. 1997). To do so, we construe each provision according to its plain language. *See RepublicBank Dallas, N.A. v. Interkal, Inc.*, 691 S.W.2d 605, 607-08 (Tex. 1985); *see also Fleming Foods of Tex., Inc. v. Rylander*, 6 S.W.3d 278, 284 (Tex. 1999) (where codified statute is unambiguous, plain meaning rule applies even if codification is inconsistent with its statutory predecessor). "Words and phrases shall be read in context and construed according to the rules of grammar and common usage." TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 1998).

We address section 1704.304(b) first. It states that a list of public officers and employees, most of them associated with the courts or the jails, "may not recommend *a particular bail bond surety* to another person." TEX. OCC. CODE ANN. § 1704.304(b) (Vernon 2003) (emphasis added). Your question suggests that the word "particular" might mean "single" or "only one" and that section 1704.304(b) merely prohibits the enumerated persons from recommending a single bail bond surety to another person. We disagree with this construction of section 1704.304(b). "Particular" means "'[s]pecifying or comprising a part; constituting a single or separate one, class, or group; distinct from others or the rest; separate; single; individual; as, a particular act. . . . Separate or separable; being apart from others; special; limited; specific.'" *Gen. Motors Acceptance Corp. v. Hunsaker*, 50 S.W.2d 367, 368 (Tex. Civ. App.–Amarillo 1932, writ dism'd) (quoting dictionary definition). Section 1704.304(b) prohibits the covered officers and employees from distinguishing a specific bail bond surety from all bail bond sureties licensed in the county. In the phrase "a particular bail bond surety" the indefinite article "a" means "any." *See Chavira v. State*, 167 Tex. Crim. 197, 319 S.W.2d 115, 120 (1958) (jury instruction on "a reasonable doubt" included "any reasonable doubt"). Thus, section 1704.304(b) prohibits a covered person from recommending any specific bail bond sureties. It does not mean that a covered person may recommend five bail bond sureties, as long as he or she refrains from recommending a single bail bond surety. A covered person may not make any such recommendation at all.

Our interpretation of section 1704.304(b) is consistent with the legislative intent expressed elsewhere in chapter 1704. The legislature has expressly required a bail bond board to post in each county court with criminal jurisdiction "a current list of each licensed bail bond surety and agent of the bail bond surety in the county." TEX. OCC. CODE ANN. § 1704.105(a) (Vernon 2003). In addition, the board is required to provide the list to "each local official" responsible for detaining prisoners in the county. *Id.* "A list of each licensed bail bond surety in a county may be displayed where prisoners are examined, processed, or confined." *Id.* § 1704.105(b). The legislature thus requires that information about all bail bond sureties in the county be available to county jail prisoners. *See also de la Garza v. State*, 579 S.W.2d 220, 222-23 (Tex. Crim. App. 1979) (en banc) (in county without bail bond board, sheriff's description of official duties provides that jailers were "'not authorized to recommend professional bail bondsmen specifically'" but were to show prisoners the actual list of bondsmen) (quoting published Webb County jailers' official duties).

A bail bond surety is also prohibited from soliciting bonding business in a police station, jail, prison, detention facility, or other place of confinement. *See* TEX. OCC. CODE ANN. § 1704.304(c) (Vernon 2003). Section 1704.304(b) prevents persons who work in those locales from securing bail bond clients on behalf of a surety. *See id.* § 1704.304(b); *see also id.* § 1704.302(a) (prohibiting bail bond surety from giving money or property to an attorney, police officer, sheriff, deputy, constable, jailer, or employee of law enforcement agency for referral of bonding business).

We next address section 1704.304(a), providing that a bail bond surety and his or her agent may not "recommend or suggest to a person for whom the bail bond surety executes a bond the employment of an attorney or law firm in connection with a criminal offense." *Id.* § 1704.304(a). This section does not include the word "particular." However, you suggest reading "particular" into section 1704.304(a), because the predecessor of section 1704.304(a) included this term prior to the nonsubstantive revision of provisions regulating the bail bond business. *See* Act of May 13, 1999, 76th Leg., R.S., ch. 388, § 1, 1999 Tex. Gen. Laws 1431, 2277 (nonsubstantive revision of statutes licensing and regulating certain professions); *see also* Act of May 29, 1981, 67th Leg., R.S., ch. 312, § 1, 1981 Tex. Gen. Laws 875, 885 (formerly codified as TEX. REV. CIV. STAT. ANN. art. 2372p-3, § 15(b)) (prohibiting a bondsman from recommending or suggesting "the name of any particular attorney or firm of attorneys"). *But see Fleming Foods*, 6 S.W.3d at 284 (where codified statute is unambiguous, plain meaning rule applies even if codification is inconsistent with its statutory predecessor).

The absence of the word "particular" in section 1704.304(a) is insignificant because this section prohibits a bail bond surety or his agent from recommending *any* attorney or law firm to a person. "Recommend" means "'to commend or bring forward explicitly as meriting consideration, acceptance or adoption, to make a commendatory statement concerning.'" *See Townsend v. Pequannock*, 135 A.2d 708, 711 (N.J. Super. 1957) (quoting dictionary definition). The term "suggest" has been defined as to hint or intimate; in essence, to recommend by introducing an idea indirectly. *See Sims v. Ratcliff*, 110 N.E. 122, 124 (Ind. App. 1915); *see also In re Erie R. Sys.*, 115 A.2d 89, 97 (N.J. 1955) (commissioners report suggesting findings of fact used "suggest" in the sense of recommendation). Thus, section 1704.304(a) prohibits a bail bond surety from recommending an attorney or law firm to his client as the representative to employ in connection

with a criminal offense, either individually or by including the attorney or law firm in a selected list. *See generally* TEX. OCC. CODE ANN. ch. 952 (Vernon 2003) (regulating lawyer referral service); TEX. R. DISCIPLINARY P. 7.03(b), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A-1 (Vernon 1998) (a lawyer shall not pay a person not licensed to practice law for referring prospective clients). A bail bond surety and a surety's agent are forbidden from singling out any attorney or law firm for favorable consideration by a bail bond client.

## S U M M A R Y

The statute regulating bail bond sureties prohibits (1) a bail bond surety from recommending an attorney or law firm to the surety's client, and (2) various public officers and employees of the jail and court systems from recommending a particular bail bond surety to another person. These provisions prohibit the affected persons from making *any* recommendations of attorneys, law firms or bail bond sureties.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee