*J. T. Embree*, for the appellant.

---

## APPLEGATE and Others *v.* MASON.

If one party has a lien upon two pieces or lots of real estate for a debt, and another party has a lien upon one of them for another debt, the latter may compel the former to resort to the other piece, in the first instance, for satisfaction, if that course is necessary for the satisfaction of the claims of both parties, whenever it will not trench upon the rights, or operate to the prejudice, of the party holding the lien upon both pieces.

Where judgment has been taken upon a note and mortgage, and the note, mortgage, and judgment are assigned, the assignee has all the rights and remedies which the assignor would have had.

The statute does not require that a warrant of attorney to confess a judgment, with the affidavit attached, shall be appended to a transcript of the judgment offered in evidence. And if it does not appear upon the record that there was no such affidavit, the Supreme Court will not presume that there was none.

*Quære*, whether such a judgment, rendered without such affidavit, can be attacked collaterally.

The recovery of a judgment upon one of two notes secured by mortgage, is no waiver or abandonment of the lien upon the mortgaged premises for the amount reduced to judgment, unless the premises are taken in execution; and if they are so taken, but by the interposition of a prior equity, the execution-plaintiff is compelled to abandon his levy, his rights are the same as if no levy had been made.

Nov. Term,
1859.

APPLEGATE
v.
MASON.

Monday,
November 28.

APPEAL from the *Fayette* Circuit Court.

WORDEN, J.—Suit by appellant against appellees, to foreclose a mortgage.

The material facts, as gathered from the complaint, answers, and evidence, are, that on the 1st of *April*, 1854, the defendants, *James Miller* and *William H. Huston*, mortgaged to one *John Arnold*, a part, viz., twenty-four feet, of a lot in the town of *Connersville*, to secure two notes, each for 475 dollars, of that date, payable in one and two years.

On the 27th of *October*, 1855, *Arnold* recovered a judgment, in the *Fayette* Court of Common Pleas, against *Miller* and *Huston*, for 419 dollars, the balance on the first note.

In *April*, 1856, *Arnold* assigned the judgment so recovered, together with the remaining note and mortgage, to the plaintiff, *Mason*.

On the 27th of *October*, 1855, *Comstock & Co.* recovered a judgment against *Miller* and *Huston*, for 306 dollars, sued out an execution, which was levied upon the equity of redemption of *Miller* and *Huston*, in the twenty-four feet so mortgaged to *Arnold*, and on the 11th of *December*, 1856, the equity of redemption was sold and conveyed by the sheriff to *Applegate* and others.

In *December*, 1855, *Huston* having conveyed his interest in the premises to *Miller*, *Miller* mortgaged the same, with other property, to *Applegate* and others, to secure the payment of 4,130 dollars.

In *November*, 1855, *Miller* then owning seventeen feet in the same lot, mortgaged it, with other property, to *James* and *William Huston*, to secure the payment of 2,000 dollars.

On the 9th of *May*, 1856, *Mason* caused an execution to issue upon the judgment thus assigned to him against *Miller* and *Huston*, which was levied upon the seventeen feet above mentioned. This part of the lot was not covered by the mortgage from *Miller* and *Huston* to *Arnold*, but was the same part that was mortgaged by *Miller* to *James* and *William Huston*, as above stated. *James* and *William Huston* having a mortgage upon the seventeen feet, ob-

jected to any sale thereof, and threatened an injunction to prevent such sale, until the twenty-four feet covered by the mortgage to *Arnold* should be exhausted.

*Mason*, content that the matter should be settled by a proper adjudication, caused his execution, with the levy indorsed thereon, to be returned. He prays a foreclosure of the mortgage, and the judgment of the Court as to whether he shall proceed with his execution and sell the seventeen feet, or whether he shall make the whole due on the note and judgment out of the twenty-four feet thus mortgaged, which is alleged to be sufficient for that purpose. *Miller* is insolvent. All the parties in interest were before the Court, and set up their respective claims in the premises.

The Court, on the final hearing, ordered the levy on the seventeen feet to be set aside, and the twenty-four feet covered by the mortgage to be sold for the satisfaction of the note and judgment.

*James* and *William Huston* are, of course, satisfied with the decree; but *Applegate*, and the other defendants having a joint interest with him, bring the case here for revision. The real controversy is between *James* and *William Huston*, and *Applegate*, and others claiming with him; for it is entirely indifferent to *Mason* whether he shall make the whole of his money out of the twenty-four feet covered by his mortgage, or a part of it out of the seventeen feet covered by his levy.

It will be observed that *James* and *William Huston* acquired their lien by mortgage on the seventeen feet, in *November*, 1855; and this was prior to the time when *Applegate* and his associates took their mortgage on the twenty-four feet, which was in *December* following, and they did not purchase the equity of redemption until *December*, 1856. The levy of the execution upon the seventeen feet, was not made until *May*, 1856. Hence, it appears that *James* and *William Huston's* lien on the seventeen feet accrued before that of *Applegate* and others on the twenty-four feet, either by their mortgage, or purchase of the equity of redemption. When *James* and *William Huston*

acquired their lien on the seventeen feet, that portion of the lot was unencumbered, except by the lien of the judgment, and the twenty-four feet mortgaged being sufficient to satisfy the judgment and the remaining note, it was but equitable that *Mason* should be required to make his money out of the twenty-four feet covered by his mortgage.

" The general principle is, that if one party has a lien on, or interest in, two funds, for a debt, and another party has a lien on, or interest in, one only of the funds, for another debt, the latter has a right in equity, to compel the former to resort to the other fund, in the first instance, for satisfaction, if that course is necessary for the satisfaction of the claims of both parties, whenever it will not trench upon the rights, or operate to the prejudice of the party entitled to the double fund." 1 Story's Eq. Juris., § 633.

This principle is not the less applicable to the case, in consequence of the fact that *Applegate* and others acquired a subsequent interest in, and lien upon, the twenty-four feet. Their rights accrued subsequently to those of *James* and *William Huston*, and where the equities are equal, the oldest must prevail.

But it is urged that *Mason* should not have had a judgment for the foreclosure of his mortgage for the amount due on the note and judgment, because he was only the assignee of the last note, and the judgment on the first note was rendered in favor of *Arnold*, and was void, being a judgment by confession without an affidavit attached to the warrant of attorney. With reference to the first branch of this objection, it may be observed that *Arnold* assigned to *Mason*, not only the note and mortgage, but also the judgment. This was, undoubtedly, sufficient to vest in *Mason* all the rights which *Arnold* held, and entitled him to all the remedies for the collection of the note and judgment, which might have been employed by *Arnold* himself. *Vide Clearwater* v. *Rose*, 1 Blackf. 137.

The fact that the judgment was rendered without the proper affidavit, does not appear. The recovery of the judgment is alleged in the complaint, and admitted by the answer, and no objection is there made as to its validity.

The transcript of the judgment offered in evidence, shows that it was taken by confession, but does not set out the warrant of attorney at length, nor does the statute require it to be thus set out. The cause of action is to be filed and copied into the judgment, and the affidavit is to be filed with the Court. 2 R. S. p. 124, §§ 384, 385. For aught that appears, there was a proper affidavit, and we cannot presume, without any basis, against the validity of the judgment.

This view of the case renders it unnecessary to inquire whether, had the judgment been rendered without any affidavit, it could be attacked in this collateral manner.

But it is further objected, that there should not have been a foreclosure for the full amount, because the debt was "subdivided" by *Arnold*, and one-half of it reduced to judgment, on which an execution had issued, and a levy been made upon the property (the seventeen feet above mentioned), which should be sold before resorting to the mortgaged premises.

The recovery of the judgment upon one of the notes was no waiver or abandonment of the lien on the mortgaged premises for the amount thus reduced to judgment. A person holding a note and mortgage, may proceed by action on the note, and subject all the debtor's property, real and personal, subject to execution, to the satisfaction of his judgment, without abandoning his lien on the mortgaged premises, unless he have taken them in execution. *Markle* v. *Rapp*, 2 Blackf. 268.

We need not determine whether, ordinarily, a levy upon real estate is, *prima facie*, a satisfaction of the judgment. *Vide*, however, *Doe* v. *Dutton*, 2 Ind. R. 309. The levy in the present case, upon the seventeen feet, can in no sense, be deemed a satisfaction, for the reason that the plaintiff was prevented from reaping any fruit from the levy. Upon the levy being made, a prior equity was interposed, which, as was properly adjudged by the Court below, required the plaintiff to abandon it, and rely upon the mortgaged premises for the satisfaction of his claim, it being admitted that they were sufficient for that purpose.

We see no error in the proceedings below, and the judgment must be affirmed.

*Per Curiam.*—The judgment is affirmed with 1 per cent. damages and costs.

*J. S. Reid, S. Heron,* and *B. F. Claypool,* for the appellants.

*N.* and *G. Trusler, E. Vance, L. Barbour,* and *J. D. Howland,* for the appellee.