No. 8145.

CHASE ET AL. *v.* SALISBURY.

WILL.—*Devise of Fee, with Power of Disposition.*—*Statute Construed.*—The following clause in a will, "I give to my beloved wife, S. D., and to our heir, S. A. D., all my estate, both real and personal, in their own right,

with full power to sell and convey the whole, or any part thereof, for the payment of debts or otherwise, as they shall think proper," under the. act of 1843, respecting wills, R. S. 1843, p. 485, gave the devisees a fee simple in the lands devised, including the right of disposition.

From the Steuben Circuit Court.

*J. A. Woodhull* and *J. I Best*, for appellants.

*R. W. McBride*, for appellee.

Morris, C.—This suit was brought by the appellants, who were plaintiffs below, to quiet their title to certain real estate in Steuben county. The appellee appeared and answered in two paragraphs :

The first was the general denial.

The second was substantially as follows : One Levi Depue was the owner in fee simple of the lands in controversy, and on the — day of ——, 1852, died, at said county and State, testate, seized of the same ; that the will of said Depue was duly admitted to probate on the 24th day of April, 1852, and that by said will ( a copy of which is attached to and made a part of the answer) said Depue devised the lands in controversy to his wife, Sarah Depue, and their daughter, Sarah Alvira Depue, said devise being in terms following, to wit: "Item 2. I give to my beloved wife, Sarah Depue, and to our heir, Sarah Alvira Depue, all my estate, both real and personal, in their own right, with full power to sell and convey the whole or any part thereof, for the payment of debts or otherwise, as they shall think proper ; and further, that the said Sarah Depue is hereby appointed guardian to the said Sarah Alvira during her minority ; and furthermore, should the said Sarah and Sarah Alvira die without issue, shall revert to Susan Lucinda Chase and to my nephew, Benjamin Hoxter, in equal parts." That afterward, on the 12th day of April, 1854, said Sarah Depue, for a full and valuable consideration, sold the undivided one-half of said land to appellee, and conveyed the same by deed, with full covenants of warranty, and also, at the same time, by order of the Steuben

Common Pleas Court, she, as guardian of said Sarah Alvira, for a like consideration, sold and conveyed to appellee the remaining undivided one-half; that on the 21st day of December, 1867, said Sarah Alvira, being then over 21 years of age, quitclaimed to appellee the undivided one-half of said land; that appellee went into possession of said land April 12th, 1854, under said first-described conveyances, and is now, and has ever since been, in possession of the same, and claiming title thereto, under said deeds. It is further alleged that said Sarah and Sarah Alvira both died before this suit was commenced, leaving no issue, and that appellants Chase and Hoxter are the same Chase and Hoxter named in the will, and neither have, or claim to have, any interest in said land except through said will, and that appellee's only claims thereto are through said will and deeds.

The appellants demurred to the second paragraph of the answer. The court overruled the demurrer, and the appellants excepted. They refused to reply, and final judgment was rendered in favor of the appellee. The overruling of the demurrer is assigned as error here, and is the only question in the case.

The appellants admit that, if under the will the widow and daughter of the testator took the land in dispute in fee simple, the case was rightly decided below. But they insist that the widow and daughter took, at most, aside from the power of disposition, but a conditional fee; that the power of disposition has not, as shown by the second paragraph of the answer, been executed; that every conditional fee, based upon the condition that the donee had issue, was a fee tail at common law, and that the limitation over in favor of them falls within section 57 of the act of 1843, upon the subject. Rev. Stat. 1843, p. 424.

The will or clause, giving the land to Mrs. Depue and daughter, is in these words: "'I give to my beloved wife, Sarah Depue, and to our heir, Sarah Alvira Depue, all my

estate, both real and personal, in their own right, with full
power to sell and convey the whole, or any part thereof, for
the payment of debts, or otherwise, as they shall think
proper.''

The testator died in 1852, and this devise is governed by
the statute of 1843. Aside from the power of disposition
contained in this will, the words of the devise, under sections
4 and 5 of the act of 1843 respecting wills, R. S. 1843, p.
485, would give to the widow and daughter of the testa-
tor a fee, including the right of disposition. The power
given added nothing, really, to the devise. It is almost im-
possible to resist the conclusion that the words, ''with full
power to sell and convey,'' etc., were added simply to give
certainty and emphasis to the preceding words, rather than
for the purpose of creating a substantive right, not before
given. They, in fact, add nothing to the preceding devise.
In the words of section 5, above referred to, the devise gave
all the estate the testator had in the land, except in so far as
the will manifestly showed an intention to give less.

Whether the power in this case should be construed as
coalescing with and forming a part of the preceding words
of devise, so as to give the widow and daughter an absolute
fee, is not, perhaps, very material ; for, however construed,
the interest and power together give them, the devisees,
something more than a conditional fee or fee tail at common
law. And for this reason, section 57, R. S. 1843, p. 424,
providing that where a remainder in fee is limited upon an
estate which, before the abolition of estates tail, would have
been adjudged a fee tail, shall be deemed a contingent re-
mainder, vesting in possession upon the death of the first
taker, does not apply.

It is insisted, however, that sections 186 and 187 of the
same act do apply. They are as follows :

''Sec. 186. When an absolute power of disposition, not
accompanied by any trust, shall be given to the owner of

Stockton *et ux. v.* Stockton.

·a particular estate, for life or for years, such estate shall be changed into a fee, absolute in respect to the rights of creditors and purchasers, but subject to any future estate limited thereon, in case the power should not be executed, or the lands should not be sold for the satisfaction of debts ·during the continuance of such particular estate.

"Sec. 187. When a like power of disposition shall be .given to any person to whom no particular estate is limited, such person shall also take a fee subject to any future estates that may be limited thereon, but absolute in respect to cred·itors and purchasers." R. S. 1843, p. 447–8.

Obviously, section 186 does not apply to this case. By its terms, it applies only to cases where the power has the ·effect of enlarging a particular estate, for life or for years, into a fee. Here, aside from the power, there is no particular estate for life or for years. The estate devised is a fee.

Nor does section 187 apply. It is intended to apply where ·no particular estate is devised—where nothing is given but the power, not where a fee is given. Under section 187, where a power of disposition alone is given, the exercise of the power by the donee passes the fee.

We conclude that the judgment below should be affirmed.

PER CURIAM.—It is ordered, upon the foregoing opinion, ·that the judgment below be, and· the same is hereby, in all ·things, affirmed, at the costs of the appellants.