## LAHR *v.* ULMER ET AL.

[No. 3,858. Filed June 18, 1901.]

APPEAL.—*Failure to Rule on Demurrer.—Waiver.*—A party who goes to trial without a ruling on a demurrer to a pleading is thereby precluded from raising the objection that the court's failure to rule on it constituted a mistrial. *p. 110.*

EXECUTIONS.—*Failure of Sheriff to Serve Execution.—When Harmless.*—The failure of the sheriff to serve the execution on defendant

Lahr *v.* Ulmer.

before making levy is not prejudicial error, where it does not appear that, at the date of the issuance of the execution or of the sale, the defendant was ready to pay the judgment, or that he had other property which he would have designated, and which he is still ready to turn out upon the execution. *pp. 110, 111.*

EXECUTIONS.—*Sale of Real Estate.—Failure of Sheriff to Take Possession.*—Where the sheriff gave notice of the sale of real estate under execution, as required by statute, it was not essential that he should take actual possession of it in order to exercise his power to sell. *p. 111.*

EXEMPTIONS.— *Waiver.*—Where the real estate of a judgment debtor was advertised for sale under an execution against him, he will not after sale be permitted to contend that he was not afforded an opportunity to claim his exemption. *p. 112.*

DESCENT AND DISTRIBUTION.—*Failure of Widower to Elect to Take Under Wife's Will.*—Where a wife's will gave her husband full control of her real estate during his lifetime, with remainder to her children, and he did not elect to take under the will, a sale of one-third of the real estate under execution, to satisfy a judgment against him, was valid, since, under §2642 Burns 1894, by his failure to elect to take under the will, the one-third part vested absolutely in him. *pp. 112-114.*

From Knox Circuit Court; *G. W. Shaw,* Judge.

Action for partition by Antone Lahr against John Ulmer and others. From a judgment for defendants, plaintiff appeals. *Reversed.*

*W. A. Cullop* and *C. B. Kessinger,* for appellant.
*H. S. Cauthorn* and *C. E. Dailey,* for appellees.

COMSTOCK, J.—Suit for partition of real estate brought by appellant against appellees. The complaint alleges that the plaintiff is the owner of the undivided one-third of lot two in Cochran's addition to the city of Vincennes, and that the defendant Melvina Ulmer is the owner of the undivided two-thirds thereof. Appellees John and Judson V. Ulmer are made parties to answer as to any interest they claim therein. Upon trial by the court, judgment was rendered in favor of defendants. The overruling of appellant's motion for a new trial is the only error assigned. The reasons set out in the motion for a new trial are that the finding of

the court is contrary to law, is not sustained by sufficient evidence, and is contrary to the evidence.

The record discloses the following facts. Sarah F. Ulmer, the wife of appellee John Ulmer, died testate in July, 1895, the owner of the property described in the complaint. She left surviving her as her only heirs her husband, appellee John Ulmer, and Judson Ulmer and George Ulmer, her sons. George died in August, 1895. In 1897, John Ulmer married appellee Melvina. In February, 1898, John, Melvina, and Judson conveyed the real estate in controversy to one Dran, who, upon the same day, conveyed it to Melvina. The sheriff of Knox county, in December, 1897, sold the undivided one-third of this real estate, by virtue of an execution issued to satisfy a judgment against said John Ulmer in favor of the Zellinger estate, to appellant, who afterwards received from the sheriff a deed therefor. This constitutes his claim of title. The will of Sarah Ulmer, after directing the payment of her debts and funeral expenses, is as follows: "My husband John Ulmer shall have full management and control of my property during his natural life and shall have full power at his discretion to lease, sell or convey the same by deed or otherwise and to use the same or as much thereof as may be necessary to the support of himself and our children George W. Ulmer and Judson V. Ulmer and at the death of my said husband John Ulmer my entire estate then remaining shall go absolutely and in fee simple to my sons George W. Ulmer and Judson V. Ulmer share and share alike, if either of my sons should die before the father dies, then at the death of my husband, the surviving son shall take the entire estate absolutely and in fee simple. My son George W. Ulmer being an invalid I especially charge my husband John Ulmer and my son Judson V. Ulmer with the duty of furnishing at all times a home and full support and tender care to my said son George W. Ulmer. I hereby name and appoint my husband, John Ulmer, as executor of my will." The will was probated, but no letters testamen-

tary or of administration were issued thereon. Appellee John Ulmer did not elect to take under the will.

Counsel for appellees, before discussing the grounds upon which appellant asks for a reversal of the judgment, insist that he is not entitled to a reversal, because the record shows a mistrial, and that the sheriff made no demand for property upon the execution defendant, and made no levy upon the real estate subsequently sold. The claim of mistrial is founded upon the following facts: Defendants filed a second paragraph of answer to which appellant demurred for want of facts. It does not appear that a ruling was made on this demurrer, nor that a rule was entered for a reply, nor that a reply was filed thereto to this paragraph. The record does state that "the cause being at issue the same is submitted to the court." If the appellant went to trial without a ruling on his demurrer, it was but a waiver of a right he might have insisted upon. As defined by *Terrell* v. *State, ex rel.,* 66 Ind. 576, "The service of an execution and the levy of an execution are often referred to as convertible terms; but, in strict legal parlance, the service of an execution may be said to be the communication of its contents to the execution defendant, accompanied by, or followed with, a demand for its satisfaction, and in its natural order precedes the levy of the execution." Appellee John Lahr testified that no demand was made upon him for property; this was, according to the foregoing definition, a failure to serve the execution. In *Guerin* v. *Kraner,* 97 Ind. 533, at page 536, the Supreme Court say: "The statute seems to require such service before levying upon property. §719 R. S. 1881. The object of the service is to give the execution defendant an opportunity to pay the execution without incurring further costs, or the right to designate the property to be levied upon. §727 R. S. 1881." In the case just referred to, the plaintiff brought an action to set aside a sheriff's sale of real estate on the ground that it was exempt from execution as the property of a resident householder. The com-

plaint was held bad because it did not allege, that the schedule delivered to the sheriff by the execution defendant did not contain a list of all her property at the date of the issuing of the writ. In the course of the opinion, the court say: "As the appellee's complaint does not aver that when the levy was made she was then and is still ready to pay the judgment, or that she had property, other than that levied upon, which she would have designated, and which she is still ready to turn out upon the execution, it is difficult to see how she was harmed by the levy not having been preceded by service of the execution. The want of such service does not, under the facts stated in the complaint, vitiate the sale." In the case at bar, it does not appear that at the date of the issuance of the execution, or of the sale, said defendant was ready to pay the judgment, or that he had property other than that sold which he might have designated, and which he was still ready to turn out upon the execution. He testified that he had no property. It does not appear therefore that appellee was harmed by the failure of the sheriff to demand property.

Did the sheriff make a levy before the sale of the property? Upon this question the return is silent. It does not necessarily follow from the fact that no memorandum of a levy appears upon the return of the sheriff that no levy was made. Such memorandum would be evidence of the levy; but its absence does not prove that no levy was made. An officer is presumed to do his duty, and that presumption must prevail until the contrary is shown. The sheriff gave notice of the sale of the land, as required by statute. It was not essential to the exercise of the power of the officer that he should take actual possession of the real estate. This was notice that it had been levied upon, and that it was to be sold for the satisfaction of the judgment. Freeman on Exetions, §106. In *Carpenter* v. *Doe,* 2 Ind. 465, a case followed in other decisions of our Supreme Court, the court say: "It is a general rule that a purchaser at sheriff's sale, is bound

only to show the judgment of a competent court, an execution warranted by the judgment, and a sale and deed under it." Rorer on Judicial Sales, at §809, recognizes the rule as ordinarily correct. See, also, *Indianapolis, etc., R. Co. v. Center Tp.*, 143 Ind. 63, at p. 69, and authorities cited. In the case before us, the evidence shows a judgment against the execution defendant by a competent court, an execution warranted by the judgment, and a sale and deed under it.

If the trial court erred in overruling appellant's motion for a new trial the judgment should be reversed notwithstanding the fact that the sheriff did not demand property before the sale, and that there is an absence of evidence affirmatively showing a levy by that officer.

Counsel for appellee, as bearing on the justice of the case, refer to the fact that appellee Ulmer was a resident householder and as such entitled to exemption, and that he was not afforded an opportunity to claim this exemption. He was charged with the knowledge that there was a judgment against him which was a lien against his real estate and upon which the plaintiff was entitled to have issued an execution. His property was advertised for sale to satisfy said execution. Of this he was required to take notice. The right to exemption is a personal privilege to be exercised. It has been held that right of exemption is lost although the defendant never knew that his property had been levied upon. Freeman on Executions, §212; *Bell* v. *Davis*, 42 Ala. 460. There may be circumstances under which a judgment debtor who fails to claim his exemption should be held not to have waived his right; but the facts in the case at bar do not warrant such a holding.

The solution of the controlling question presented by the appeal depends upon the construction we give to §2642 Burns 1894. It reads as follows: "If a wife die testate or intestate leaving a widower, one-third of her real estate shall descend to him, subject, however, to its proportion of the debts of the wife contracted before marriage: Provided,

Lahr *v.* Ulmer.

If the wife shall have left a will, such widower may elect to take under the will, instead of this or any other law of descents of the State of Indiana, which election shall be made within ninety days after said will has been admitted to probate in this State and in the same manner as widows are now required to elect in such cases." Under §2485 R. S. 1881, a widower took one-third of his deceased wife's real estate absolutely subject to its proportion of her debts contracted before marriage. By §2505 R. S. 1881, if provisions were made for a woman by the will of her husband in lieu of her right to lands of her husband she was required to elect whether she would take under the provision so made or whether she would retain the right to one-third of the lands of her husband, but the time and manner in which she should make the election were not designated. By an act approved April 13, 1885 (Acts 1885, p. 239), §41 of an act regulating descents, approved May 14, 1852, (being §2505, *supra*), was amended so as to provide the manner and time of making such election. Acts 1885, pp. 239, 240. §2666 Burns 1894. By an act approved March 4, 1891 (Acts 1891, p. 71), §2485 R. S. 1881, *supra,* was amended by adding thereto the proviso which appears in §2642 Burns 1894, *supra.* Under the law as it existed prior to the amendment of March 4, 1891, the husband became seized immediately upon the death of his wife of an undivided one-third part of the real estate of which she died seized. Under the law as it existed at the death of his wife, appellee John Ulmer took the same interest unless he elected within ninety days after the probate of the will to accept of its provisions. To defeat the operation of the law, an affirmative act upon his part within the time named making the proviso effective was necessary. The right to elect is statutory, and it must be exercised substantially in compliance with the statute. *Fosher* v. *Guilliams,* 120 Ind. 172, and authorities there cited. §2642, *supra,* differs from §2666, *supra,* in this,—

Vol. 27—8

in the one the widower takes under the law unless he elects to take under the will; in the other, unless the widow make an election, she takes under the will. The concluding portion of §2642, *supra,* "which election shall be made * * * in the same manner as widows are now required to elect in such cases" applies only to the manner of making the election, viz., in writing, signed by the husband, acknowledged before some officer authorized to take acknowledgments of deeds.

Appellee not having made an election to take under the will of his wife, the court erred in overruling appellant's motion for a new trial. Judgment reversed, with instruction to sustain said motion.