## BRIGHT *v.* JUSTICE ET AL.

[No. 6,525. Filed October 15, 1908. Rehearing denied April 28, 1909. Transfer denied June 9, 1909.]

1. WILLS.—*Devises.*—*Powers.*—*Real Property.*—A wife's will in form, "I give and devise to my beloved husband, * * * the farm on which we now live * * * to sell and convey as he may see proper," devises a fee-simple title to the husband, the power to sell and convey merely emphasizing the testator's intention to dispose of the fee-simple title. p. 113.

2. DESCENT AND DISTRIBUTION.—*Wife to Husband.*—*Debts.*—Under §3016 Burns 1908, Acts 1891, p. 71, §1, a surviving husband takes one-third of his deceased wife's real estate subject to its proportion of her debts contracted before marriage. p. 114.

3. WILLS.—*Wife to Husband.*—*Debts.*—A surviving husband electing to take under his deceased wife's will, takes subject to her debts. p. 115.

4. WILLS.—*Wife to Husband.*—*Election.*—Under §3016 Burns 1908, Acts 1891, p. 71, §1, a surviving husband, to take under his deceased wife's will, must file his election so to take within ninety days from the probate thereof. p. 115.

5. TRIAL.—*Venire de Novo.*—*Special Findings.*—*Evidence.*—A motion for a *venire de novo* is not applicable where the special findings contain the evidence and not the ultimate facts. p. 115.

6. WILLS.—*Probate.*—*Time of.*—*Election.*—The confirmation of a will dates back to the time of the filing thereof for probate, and an election by the husband, under §3016 Burns 1908, Acts 1891, p. 71, §1, to take under his wife's will, should be filed within ninety days from the time of such filing. p. 116.

From Carroll Circuit Court; *Samuel R. Artman,* Special Judge.

Suit by James M. Justice and others against Reuben R. Bright. From a decree for plaintiffs, defendant appeals. *Affirmed.*

*L. D. Boyd, E. E. Pruitt* and *Robert W. McBride,* for appellant.

*John Ashby, M. A. Ryan, John C. Ruckelshaus* and *J. H. Cartwright,* for appellees.

WATSON, J.—This was a suit by certain children and grandchildren as heirs of Jane Justice, who died July 10,

1893, against appellant for partition, and to quiet title to two-thirds of a certain farm. Decedent left a will, wherein was the following devise:

> "I give and devise to my beloved husband, James Justice, the farm on which we now live   *   *   *   to sell and convey as he may see proper."

On July 13, 1893, said will was admitted to probate by the clerk. No letters testamentary were ever issued on said estate. James Justice never filed any election, either accepting or rejecting the provisions of said will, but on December 30, 1901, presented said will in open court for confirmation of the probate thereof, and the court duly confirmed the same. Said James Justice remained in possession. of said real estate until August 23, 1902, at which date he and Mary E. Justice, whom he had married in the interim, conveyed the land in question by a deed of general warranty to Reuben R. Bright, the appellant herein. The court below stated as a conclusion of law that the parties to this suit were tenants in common of the real estate in dispute, appellant being entitled to one-third thereof and appellees to certain proportionate shares of the remainder, and ordered that a commissioner be appointed to sell the land and distribute the proceeds accordingly. Appellant moved for a *venire de novo,* but the motion was overruled. He then filed a motion for a new trial, which motion was also overruled.

The errors assigned and discussed are: (1) That the court erred in its conclusions of law upon the special findings; (2) that there was error in overruling appellant's motion for a *venire de novo.*

The special facts found by the court, pertinent to the questions discussed, were, in substance, as follows: Jane Justice was at her death the owner in fee of the land in question. On June 18, 1883, she executed the will, making the devise heretofore set out. She died July 10, 1893, leaving as her only heirs, said James Justice, her husband, and the appellees, who were her children and grandchildren. On July 13,

1893, said will was offered for probate to the clerk of the Carroll Circuit Court, and duly admitted. No letters testamentary or executory were ever issued by said court upon said estate, nor was said estate ever administered by any court. James Justice never filed with the clerk of said court, either within ninety days after said will was admitted to probate, or at any time since such will was so admitted, an election accepting the devise in said will. After the death of his said wife, James Justice remained in possession of said real estate, and on August 23, 1902, together with Mary E. Justice, his wife by a subsequent marriage, he executed a warranty deed to appellant, purporting to convey all of said real estate. Appellant paid $7,000 in cash for the land, said sum being a reasonable price therefor, and has since remained in possession of said real estate by virtue of said deed.

It is earnestly insisted by appellant that the will of Jane Justice bestowed upon her husband a power of sale in addition to the interest in the real estate given him therein.

1. The words, "I give and devise to my beloved husband, James Justice, the farm on which we now live, * * * to sell and convey as he may see proper," pass to said devisee a fee-simple interest in said land. §3123 Burns 1908, §2567 R. S. 1881; *Mulvane* v. *Rude* (1896), 146 Ind. 476.

The words, "to sell and convey as he may see proper," emphasize only the intention of the devisor to bestow upon her husband a fee-simple interest in the real estate in question.

In the case of *Lumpkin* v. *Rodgers* (1900), 155 Ind. 285, 288, where the will contained the words, "with the right to control, sell and convey the same at her pleasure," the court said that the words "created no substantive right, for the reason that such right was an incident of the absolute title before devised, but the same give emphasis to the estate before given." To the same effect, see *Chase* v. *Salisbury*

(1881), 73 Ind. 506; *Fullenwider* v. *Watson* (1887), 113 Ind. 18.

It is evident from the words used by Jane Justice that she intended to devise to her husband the absolute title to the farm whereon they resided, and nothing less nor different therefrom. The court found as one of the facts that James Justice did not at any time after the will was admitted to probate file, as required by statute, a written election accepting the devise (§3016 Burns 1908, Acts 1891, p. 71, §1), and consequently the questions whether such acceptance should have been filed within ninety days after the will was admitted to probate by the clerk of the court, or within the same length of time after approval by the court, are not material. If election was necessary, the devisee did not meet the requirement in either event. If in this case, as urged by appellant, election to take under the will was not required by the statute, then the contention as to time of election is irrelevant.

The principal question before us therefore is whether, when a wife devises all her real estate to her surviving husband he is obliged to elect to take such devise in order to profit by the terms of such will. Section 3016, *supra,* provides: "If a wife die testate or intestate leaving a widower, one-third of her real estate shall descend to him, subject, however, to its proportion of the debts of the wife contracted before marriage: Provided, if the wife shall have left a will, such widower may elect to take under the will, instead of this or any other law of descents of the State of Indiana, which election shall be made within ninety-days after said will has been admitted to probate in this State and in the same manner as widows are now required to elect in such cases."

The statute does not provide for the distribution of the real estate of the decedent. The purpose and object is to prescribe the rule governing the method of descent, 2. and as a consequence determining the obligations assumed by the taking of a deceased wife's real estate.

If a beneficiary takes under the law of descent here given, he takes one-third of the real estate, and the same is subject only to its proportionate share of the debts of the wife contracted before her marriage. But if one takes real estate as a devisee under a will, he takes it subject to the debts of the testator. §3126 Burns 1908, §2570 R. S. 1881. *Moncrief* v. *Moncrief* (1881), 73 Ind. 587.

Consequently the case before us clearly presents two inconsistent rights. By the law of descent, and therefore as an heir, James Justice was entitled to one-third of his deceased wife's real estate, and would take the same subject only to the proper portion of her antenuptial debts. On the other hand, by the terms of the will, and therefore as a purchaser, he could take all of the real estate, but if he chose so to take, he must do so with the estate subject to all her debts. It was entirely within the power and discretion of James Justice to choose which rule he desired to control in the premises herein set down, but since he did not exercise this right within the statutory period the right was thus lost, and he was left only with the share of the estate assigned to him by law. Therefore the devisee under the will, by his failure to elect, took a fee-simple title to one-third only of his deceased wife's real estate, and the warranty deed executed by him and his second wife conveyed to appellant the fee to said one-third of the land in question. *Lahr* v. *Ulmer* (1901), 27 Ind. App. 107.

It is further urged by appellant that the trial court erred in overruling the motion for a *venire de novo*. The reason assigned is that the special findings set out only the evidentiary, and not the ultimate facts.

In the case of *Sloan* v. *Lick Creek, etc., Gravel Road Co.* (1893), 6 Ind. App. 584, this court said: "A motion for a *venire de novo* reaches matters of form only, and is effective only when the finding or verdict is so defective that no judgment can be rendered thereon."

It is well settled that there is no cause for a *venire de*

*novo* when the findings contain the evidence and not the ultimate facts. *Seiberling & Co.* v. *Tatlock* (1896), 13 Ind. App. 345; *Chicago, etc., R. Co.* v. *Branyan* (1894), 10 Ind. App. 570; *Glantz* v. *City of South Bend* (1886), 106 Ind. 305; *Parmater* v. *State, ex rel.* (1885), 102 Ind. 90.

In the case under consideration the ultimate, as well as the evidentiary facts were, found by the trial court.

It, is contended by the appellant that inasmuch as the approval by the clerk of the probate of the will of Jane Justice was shown by the special findings to have been at the December term, 1901, of the Carroll Circuit Court, said will was not in fact probated until the confirmation thereof by the court, and therefore the law of 1901 (Acts 1901, p. 118, §3026 Burns 1908) should control, instead of the law of 1891 (Acts 1891, p. 71, §1, §3016 Burns 1908), which relates to the election of the husband as to whether he will take under the law or under the will. This undoubtedly would be true, if it were not for the fact that the confirmation by the court relates back to the time when the instrument was lodged with the clerk and such steps taken by him for the probate thereof as are authorized by the statute. *Blanchard* v. *Wilbur* (1899), 153 Ind. 387.

The writer of this opinion is not satisfied that the equity of this case is with the appellees; but James Justice having failed to comply with the statute with reference to the election of wills, under the law, we necessarily must reach the above conclusion.

We are unable to find any reversible error on the part of the trial court. The judgment is affirmed.

[Rule as to husband's election, changed by statute, see §3046 Burns 1908, Acts 1907, p. 73, §2.—Reporter.]