## BROEKER v. MORRIS, SHERIFF, ET AL.

[No. 6,372. Filed October 27, 1908.]

1. PLEADING.—*Complaint.—Claiming Householders' Exemptions.—Allegations.—Inferences.*—A complaint against the county sheriff and lien holders of certain lands, asking that there be set off to the plaintiff from the proceeds of the sale of such lands the sum of $600 as a householder's exemption, and alleging that plaintiff was the judgment defendant in the suit to foreclose the liens upon such lands, is not sufficient to show that plaintiff was the mortgagor, or the owner of the equity of redemption, or of any interest therein, and, therefore, fails to show that he was entitled to an exemption from the proceeds of such sale. p. 419.

2. LIENS.—*Inferior.—Different Parcels of Property.—Sales of.—Equities.*—Where three successive liens cover two tracts of land, and a fourth lien covers only the second of such tracts, the holder of such fourth lien has the equitable right of compelling the holders of such prior liens to exhaust the first tract before resorting to such second tract. p. 419.

3. MORTGAGES.—*Foreclosure.—Householders' Exemptions.—Execution.*—A householder has no right to his statutory exemption from the proceeds of the sale of his mortgaged property, until the mortgage is satisfied. p. 420.

4. EXECUTION.—*Exemption.*—*Time of Making Claim for.*—*Excuse.*
—In the absence of a sufficient excuse, a householder must claim
his statutory exemption before a sale is made; and the fact that
he did not know whether the property would sell for more than
enough to satisfy the liens thereon is not a sufficient excuse. p. 420.

From Clark Circuit Court; *Harry C. Montgomery*, Judge.

Suit by Henry B. Broeker against Raymond J. Morris, as
Sheriff of Floyd County, and another. From a judgment
for defendants, plaintiff appeals. *Affirmed.*

*Laurent A. Douglass* and *Edward F. W. Keiser*, for appellant.

. *Edward Doherty, McIntyre, Bulleit & James* and *Bernard
Korbly*, for appellees.

COMSTOCK, J.—Suit commenced in the Floyd Circuit
Court. Upon change of venue a demurrer for want of facts
was sustained to the complaint by the Clark Circuit Court,
and, appellant refusing to plead further, judgment was rendered against him for costs.

The ruling upon the demurrer is assigned as error.

It is not entirely clear, from the averments in the complaint, what was the exact character of the decree entered
in the court below, a copy of the same not being set out in
the complaint, but the following facts are fairly inferable
from the averments of the complaint: Roberts and McGregor had some kind of a lien, the nature of which is not
disclosed, for $503.82, which was paramount to all other
liens, on four separate tracts of land. The Aetna Life Insurance Company held a mortgage securing a debt for
$4,592.63, which was a second lien on said land. Appellee
Maggie O'Donnell held a mortgage securing a debt of
$1,505.30, which was a third lien on the first three tracts covered by the other two liens. Henry L. Graf held a mortgage
securing a debt of $441, which was a third lien on the fourth
tract, the tract not being included in O'Donnell's mortgage.
The Aetna Life Insurance Company brought suit against
the appellant and all the lien holders to foreclose its mort-

gage and settle the priority of liens. Such proceedings were had in this suit as resulted in a decree establishing the liens and their priority, and ordering the premises sold for the payment of said liens. The property was duly sold by the sheriff, the first three tracts for $5,050 and the fourth tract for $2,300. Out of this fund the sheriff paid and discharged the costs of the proceedings, the Roberts and Mc-Gregor lien, the insurance company's mortgage and the Graf mortgage, and had left in his hands $1,500.

After the sale appellant presented his schedule, under the provisions of the law governing the right of resident house-holders to exemption, and demanded that $600 of the fund left in appellee Morris's hands be set off to him as such resident householder and judgment defendant. Appellee O'Donnell at the same time claimed that all of said fund should be applied to the satisfaction of her mortgage debt.

The complaint fails to aver what relation the appellant sustained to the mortgages foreclosed or the land sold. Appellant seems to have assumed that the court judi-

1. cially knew, from the fact that he was a party defendant to the decree of foreclosure, that therefore he must have been the mortgagor and the owner of the equity of redemption in the land sold.

The assumption is not warranted. Before the appellant could have any possible right to any part of the proceeds of the sale of these lands as due him on his exemption, or on any other ground, his complaint should affirmatively show, by direct averment, that he was the owner of the equity of redemption in the lands sold, or that he had some legal or equitable interest therein that gave him the right demanded.

But, conceding that the allegations of the complaint sufficiently show that the appellant was the mortgagor in question, the judgment defendant in the proceedings upon

2. which the lands were sold, and the owner of the equity of redemption therein at the time of the sale, he still had no valid claim to any part of the proceeds arising from

the sale as exempt from execution as against appellee O'Donnell, if his claim for such exemption was seasonably presented to the sheriff, because the lien of Roberts and McGregor, and of the Aetna Life Insurance Company, covered all the land sold, and appellee O'Donnell had the equitable right as against the appellant to insist that these liens should be paid and discharged out of the proceeds of the property sold, not covered by her mortgage, and her rights to that extent protected. *Applegate* v. *Mason* (1859), 13 Ind. 75; *Hahn* v. *Behrman* (1880), 73 Ind. 120; *Trentman* v. *Eldridge* (1884), 98° Ind. 525; *Aurora Nat. Bank* v. *Black* (1891), 129 Ind. 595; *Bank of Commerce, etc.,* v. *First Nat. Bank, etc.* (1898), 150 Ind. 588; *Jenkins* v. *Craig* (1899), 22 Ind. App. 192; *Diamond Flint Glass Co.* v. *Boyd* (1903), 30 Ind. App. 485. The demurrer was properly sustained.

But the controlling question presented and most discussed by counsel is whether a mortgagor, after the sale of property under foreclosure proceedings, is entitled to claim his

3. exemption as a resident householder, out of the remainder of the proceeds derived from the sale, before the entire decree has been satisfied. This question must, under the decisions in this State, be answered in the negative. *Slaughter* v. *Detiney* (1860), 15 Ind. 49; *Storm* v. *Ermantrout* (1883), 89 Ind. 214; *Russell* v. *Bruce* (1902), 159 Ind. 553; *Lahr* v. *Ulmer* (1901), 27 Ind. App. 107; *Gibbons* v. *Cutler* (1884), 2 Del. Co. (Pa.) 214.

*Moss* v. *Jenkins* (1897), 146 Ind. 589, holds that in an execution on a judgment *in personam* the claim for exemption must be made before sale, otherwise, the right

4. will be waived. Citing, *Pate* v. *Swann* (1845), 7 Blackf. 500; *State, ex rel.,* v. *Melogue* (1857), 9 Ind. 196; *Eltzroth* v. *Webster* (1860), 15 Ind. 21; *Godman* v. *Smith* (1861), 17 Ind. 152; *Sullivan* v. *Winslow* (1864), 22 Ind. 153; *Finley* v. *Sly* (1873), 44 Ind. 266; *Gregory* v. *Latchem* (1876), 53 Ind. 449; *Terrell* v. *State, ex rel.* (1879), 66 Ind. 570; *Williams* v. *Osbon* (1881), 75 Ind. 280;

*Over* v. *Shannon* (1881), 75 Ind. 352; *Boesker* v. *Pickett* (1882), 81 Ind. 554; *Haas* v. *Shaw* (1883), 91 Ind. 384, 46 Am. Rep. 607; *State*, *ex rel.*, v. *Read* (1884), 94 Ind. 103; *Berry* v. *Nichols* (1884), 96 Ind. 287; *Guerin* v. *Kraner* (1884), 97 Ind. 533; *Robinson* v. *Hughes* (1889), 117 Ind. 293, 10 Am. St. 45, 3 L. R. A. 383; *Graves* v. *Hinkle* (1889), 120 Ind. 157; *Coppage* v. *Gregg* (1891), 1 Ind. App. 112; *Wagner* v. *Barden* (1895), 13 Ind. App. 571.

Decrees for the foreclosure of mortgages and judgments in attachment proceedings are *in rem* or *quasi in rem.* 2 Black, Judgments (2d ed.), §§793, 810. In proceedings in attachment, exemptions must be claimed before judgment. *Perkins* v. *Bragg* (1868), 29 Ind. 507; *Bates* v. *Spooner* (1874), 45 Ind. 489; *Haas* v. *Shaw* (1883), 91 Ind. 384, 46 Am. Rep. 607. So that, if the fund in controversy was derived either from a proceeding *in rem* or *in personam,* under the decisions the claim is made too late. Where sale is made under decree, the debtor should give notice that he will claim his exemption from the proceeds after the payment of the judgment. *Gibbons* v. *Cutler, supra.*

The complaint avers that appellant did not know until after the sale under such decree that there would be surplus money in the hands of the sheriff out of which he could claim his exemption, and that he made the claim promptly upon learning the facts. He claims that there was nothing until after the sale of the land under the foreclosure decree out of which to claim exemption, and that under the circumstances a sufficient excuse is shown for not having made the claim earlier. Citing, *Lahr* v. *Ulmer* (1901), 27 Ind. App. 107; *Weaver* v. *Gray* (1906), 37 Ind. App. 35; 12 Am. and Eng. Ency. Law (2d ed.), 227.

This court in *Lahr* v. *Ulmer, supra,* recognizes the proposition that there may be circumstances under which a judgment debtor, failing to claim his exemption, should be held not to have waived his rights, but holds that, where the real estate of the judgment debtor was advertised for sale under

an execution against him, he will not, after sale, be permitted to contend that he was not afforded an opportunity to claim his exemption. In *Weaver* v. *Gray, supra,* no question was made upon the time of claiming the exemption.

In 12 Am. and Eng. Ency. Law (2d ed.), 227, it is said: "When a claim and selection are necessary, and the statute does not prescribe the time for making them, they must certainly be made before a sale of the property under the execution. Delay beyond that time, without sufficient excuse, is a waiver of any right of exemption either in the property sold or in its proceeds, and is a bar to any action against the officer for selling. As has been shown, however, when property is absolutely exempted, or, by the weight of authority, when the debtor has no more property than he is entitled to hold as exempt, no claim is necessary at all, even before sale, to entitle him to maintain his action against the officer for damages." On page 231 of the same volume it is said: "Even when a claim of exemption and selection by the debtor are necessary under the rules shown in the preceding paragraphs, an omission to make such claim and selection, or delay, will not operate as a waiver of the right of exemption, if the debtor can show a good excuse for the omission or delay."

Thus in *Wicker* v. *Comstock* (1881), 52 Wis. 315, 9 N. W. 25, a failure to select exemptions was held not to constitute a waiver of the right of exemption, if the officer refuses to give to the debtor an opportunity to make his selection, or denies his right to any exemption.

In *Bayne* v. *Patterson* (1879), 40 Mich. 658, a sheriff levying on personal property wrongfully excluded the debtor from his premises, locked them up, and kept the key. It was held that he could not treat the absence of the debtor during the next morning as a waiver of his right to select his exemptions.

In *Morrissey* v. *Feeley* (1890), 36 Ill. App. 556, it was held that when the statute requires the claim of exemption

to be asserted within a certain number of days after the levy, and the debtor's failure to assert his claim within that time is due to his being misled by the officer, he may assert the claim afterwards.

Facts analogous to those at bar are not laid down as an excuse for delay in any of appellant's citations.

Judgment affirmed.

## CONCURRING OPINIONS.

RABB, C. J.—I concur in the conclusion reached, but not in that part of the opinion which holds that the appellant should have claimed, or given notice of his intention to claim, his exemption before the sale of the real estate.

ROBY, J.—The judgment is, in my opinion, properly affirmed; but I do not understand that the debtor is required to do more, in order to secure an exemption, than the circumstances reasonably require.